

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00025-CV

IN THE MATTER OF THE MARRIAGE OF
DEBBIE BROWN AND DAVID GABRIEL CHAVEZ

On Appeal from the 74th District Court
McLennan County, Texas
Trial Court No. 2011-3181-3, Honorable Gary R. Coley, Presiding

November 7, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, David Gabriel Chavez, appeals from the judgment of the trial court denying Chavez's request for arbitration; finding a premarital agreement valid; and, ultimately, awarding nearly all of the property to appellee, Debbie Brown. We will affirm the judgment of the trial court.

### Factual and Procedural Background

The parties were married on July 29, 2006. According to Brown, the parties executed a premarital agreement prior to marriage. The parties subsequently separated on July 29, 2011, and Brown filed for divorce on that day. Initially, Chavez

filed a simple general denial; however, on December 6, 2011, he filed a counter petition for divorce. This was a generic filing that did not address the premarital agreement. Later, on December 20, 2011, Chavez filed a verified and sworn supplemental answer that denied the execution of the premarital agreement.

At the same time she filed her original petition, Brown filed an application for a protective order. After the original protective order was extended once, the trial court entered a final protective order on October 21, 2011.

Brown filed a request for a final hearing on the divorce and had a hearing set for November 23, 2011; however, because the initial setting did not give the requisite notice, the matter was not heard on that date. Subsequently, Chavez hired new counsel and the matter was again set for trial on January, 18, 2012. After Chavez hired new counsel, there were attempts at settlement and, in lieu of settlement, a request was made to invoke the arbitration agreement found in the premarital agreement. For a period of several months, counsel for the parties exchanged letters attempting to name an arbitrator. Eventually, Brown hired new counsel who immediately requested proposed dates for trial without any resolution of the arbitration question. Counsel for Chavez responded to this request in a letter to counsel on June 13, 2012, that provided information about the steps the parties had taken toward arbitration. Counsel for Brown responded with a letter that advised of a September 19, 2012 trial setting but did not mention arbitration.

On August 2, 2012, Chavez filed a plea in abatement and motion to stay the final hearing. It is of note that the plea in abatement advised the trial court that the

premarital agreement provided that any dispute should be decided by arbitration. Further, the plea in abatement alleged that Chavez had met all prerequisites to invoke arbitration to resolve the dispute. The trial court took up the issue of the abatement on October 5, 2012, and denied the same by an order entered on October 11, 2012. The order denying the plea in abatement simply denied the same without comment.

The divorce proceeded to final hearing on October 11, 2012, and a written final decree of divorce was entered on that day. Chavez gave notice of appeal and now presents to this Court three issues. All of Chavez's issues concern the failure of the trial court to grant the abatement and allow this matter to proceed to arbitration. Disagreeing with Chavez, we will affirm.

Preservation of Arbitration Issue

As previously noted, Chavez presented the trial court with a plea in abatement that sought arbitration. The hearing on this plea was conducted on October 5, 2012. Brown's initial position regarding Chavez's contention that the trial court erred in not abating the final hearing is that he never requested arbitration at the October 5, 2012 hearing and, therefore, the issue has not been properly preserved for appeal. In support of this proposition, Brown cites the Court to the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 33.1(a)(1)(A).[1] The essence of Brown's argument seems to be that Chavez did not properly invoke section 171.021 of the Texas Civil Practice & Remedies Code before the trial court. This section provides for a judicial

---

[1] Further reference to the Texas Rules of Appellate Procedure will be by reference to "Rule ___."

3

proceeding to compel arbitration.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.021 (West 2011).[2]

Our review of the record reveals that the plea in abatement filed by Chavez does not cite the trial court to the applicable section of the Texas Civil Practice & Remedies Code; however, in paragraph III of the motion, Chavez points out that the premarital agreement calls for any dispute to be decided by arbitration.  That paragraph further alleges that Chavez has met all the prerequisites under the agreement regarding the arbitration disputes.

Additionally, during presentation of arguments before the trial judge, Chavez specifically went through all the steps that he had taken seeking arbitration.  In an attempt to show that he had been requesting arbitration for a significant period of time, Chavez introduced Exhibits 1-11, a series of correspondence with Brown's prior attorney and her current attorney that showed the steps that had been taken to invoke the arbitration clause of the premarital agreement.[3]  When Brown's arguments were presented, these arguments centered not on the fact that Chavez had failed to request arbitration but rather on the fact that Chavez had waived arbitration due to his invocation of the judicial process.

---

[2] Further reference to the Texas Civil Practice & Remedies Code will be by reference to "Section ____" or "§ ____."

[3] Although Exhibits 1-11 were offered at the time of the hearing on the motion to abate, the record is not clear about whether or not the trial court admitted them at that time.  However, immediately before beginning the final hearing on the divorce, the trial court admitted the exhibits into the record.

Brown points to the questions asked by the trial court regarding what Chavez was requesting to buttress her point that Chavez failed to request arbitration. Admittedly, Chavez's response did not answer the trial court's inquiry directly; however, the last part of the answer is a request for arbitration. There Chavez says, "really what we're asking for is just to abate the proceedings until we can do the arbitration."

Rule 33.1(a)(1)(A) requires that, in order to preserve a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context;

Rule 33.1(a)(1)(A). Based upon our review of the record, we hold that Chavez's complaint was made in the form of a plea and that the complaint made in the plea was sufficiently specific to apprise the trial court of the relief requested. *See id.*

However, even if Chavez failed to use language specific enough to meet the initial requirements of Rule 33.1(a)(1)(A), the overall record supports that the trial court was aware of the "specific grounds" from the context of the hearing. A fair reading of the record leaves no impression except that the parties and the court were discussing a stay in the proceedings in order for Chavez to pursue arbitration. *See Tex. Comm'n on Human Rights v. Morrison*, 381 S.W.3d 533, 536-537 (Tex. 2012). (discussing jury charge error and quoting *Thota v. Young*, 366 S.W.3d 678, 690 (Texas 2012), "We have long favored a common sense application of our procedural rules that serves the purpose of the rules, rather than a technical application that rigidly promotes form over

5

substance."). Similarly, we find that Chavez gave the required notice to the trial court to allow him to complain about the denial of the stay on appeal.

## Denial of Arbitration

### Standard of Review

In order to ascertain the proper standard of review, we must look to the issues and evidence presented to the trial court at the hearing on Chavez's plea in abatement. As we recited earlier in the opinion, the crux of Brown's argument at the hearing was that Chavez had waived his right to seek arbitration due to invocation of the judicial process. The trial court heard extensive argument regarding the actions of each party during the pendency of the case. Additionally, each party submitted certain correspondence tending to support their position. Finally, Brown affirmatively requested the trial court to take judicial notice of its file and the contents thereof. Accordingly, we have a situation where the facts at issue at the time of the hearing on the motion to abate were significantly contested. Therefore, we must apply an abuse of discretion standard of review. *See Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008) (holding that waiver is a question of law for the courts, however, that the reviewing court must defer to the trial court's factual findings when supported by the record). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242-42 (Tex. 1985). Because neither party requested findings of fact and conclusions of law, we will uphold the trial court's judgment on any theory supported by the record and any necessary findings of fact will be implied. *See In re Alexis*, No. 10-12-00393-CV, 2012

6

Tex. App. LEXIS 10106, at *17 (Tex. App.—Waco Dec. 6, 2012, no pet.) (mem. op.) (citing *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011) (per curiam)).

Law

We start with the general proposition that the parties to an agreement may contractually agree to enter into arbitration. *See* § 171.001(a) (West 2011) (stating that a written agreement to arbitrate is valid and enforceable if the agreement is to arbitrate a controversy existing at the time of the agreement or arising after the date of the agreement). An agreement to arbitrate is a creature of contract. *See First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). Accordingly, the rules applicable to the interpretation and enforcement of contract apply in determining the propriety of arbitration under a particular arbitration clause. *Id.* at 944. In other words, the rules applicable to interpreting and enforcing contracts determine the propriety of arbitration per the terms of the particular contract. As in any contractual provision, an agreement to arbitrate can be waived. *See Perry Homes*, 258 S.W.3d at 593.

Waiver is the intentional relinquishment of a known right. *See In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011). Any such relinquishment may be either expressly or impliedly made. *See id.* at 407 n.2. When dealing with an implied relinquishment of a right, we are viewing acts that would warrant an inference of the relinquishment of the right in question. *See id.* (citing *Rolison v. Puckett,* 198 S.W.2d 74, 78 (Tex. 1946)).

7

Next, we note that there is a strong presumption against waiver of arbitration but it is not irrebuttable. *See Perry Homes*, 258 S.W.3d at 584. The *Perry Homes* court noted that it is a high hurdle to overcome. *See id.* Thereafter, the court noted that conduct that would support an implied waiver must be unequivocal. *See id.* at 593. One method of implied waiver is to substantially invoke the judicial process to the other party's detriment or prejudice. *See id.* at 589-90. Next, the *Perry Homes* case teaches us that we must determine this issue by applying a totality-of-the-circumstances test on a case-by-case basis. *See id.* at 591. Finally, we are instructed that substantially invoking the judicial process does not waive arbitration rights unless the opposing party proves that it suffered prejudice as a result. *See id.* at 595.

In making this case-by-case determination, we are instructed to look at a number of factors, such as:

1.  when the movant knew of the arbitration clause;

2.  how much discovery has been conducted;

3.  who initiated it;

4.  whether it related to the merits rather than arbitrability or standing;

5.  how much of it would be useful in arbitration; and

6.  whether the movant sought judgment on the merits.

*Id.* at 591-92.

Analysis

In the case before the Court, there is no issue presented that Chavez expressly waived the right to proceed to arbitration; rather, we must determine whether he did so

8

by implication from his invocation of the judicial process. Accordingly, we now review the totality-of-the-circumstances in this case. We must keep in mind that, in this totality-of-the-circumstances review, we are reviewing the action of the trial court for an abuse of discretion. *See id*. at 598.

Turning to the principles enunciated in *Perry Homes*, we first note that the evidence seems to be fairly strong that Chavez has known of the arbitration clause in the premarital agreement since the date of execution of the agreement. Although there is some correspondence between trial counsels in the early stages of the divorce proceeding that might indicate Chavez did not know of the existence of the premarital agreement, Chavez's subsequent correspondence and actions have abandoned that position. Looking at the extent of discovery, the only discovery that exists seems to have emanated from Chavez and was directed at the issue of the premarital agreement. Chavez deposed Brown and issued a request for production of documents. The record would support the proposition that the discovery was aimed at the merits of Brown's position regarding the property division. Although Chavez presented a number of letters where the issue of arbitration was discussed with opposing counsel, this process started in December 2011 and, by April 2012, there was no arbitrator named. Yet, during this entire period of time, Chavez never filed a motion to compel arbitration, which would have been his next logical step in the process. After Brown changed attorneys, the new attorney advised that she and her client were looking for trial dates in August and September of 2012. However, Chavez still did not file a motion to compel arbitration. It was only after a trial date had been secured that Chavez finally took the step of

requesting the trial court to abate the scheduled proceeding and enforce the arbitration clause.

Based upon this record, the totality-of-the-circumstances supports the implied findings made by the trial court, specifically that Chavez has waived his right to arbitration by his substantial invocation of the judicial process. *See id.* at 591, 598. However, this does not end our inquiry, as we must next ascertain whether or not Chavez's invocation of the judicial process has caused Brown to suffer some prejudice. *See id.* at 595. The failure of Chavez to request the trial court to compel arbitration until shortly before a trial setting resulted in Brown having suffered the expense, through attorney's fees, of replying to discovery, preparing for trial, and having a fully contested trial. To now order arbitration would be a needless additional expense to the detriment of Brown. We are also cognizant of the emotional toll that a pending divorce takes on the litigants and this further buttresses the argument that Brown would suffer prejudice should we allow Chavez to demand arbitration at the eleventh hour. *See id.* at 597 (citing *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 346 (5th Cir. 2004), as holding prejudice refers to the inherent unfairness in terms of delay, expense, or damage to a party's legal position when an opponent first seeks to litigate and then switches to arbitration). The record before us supports the conclusion that Brown would suffer prejudice if Chavez is allowed to demand arbitration at the last moment.

Accordingly, we find that the totality-of-the-circumstances support the trial court's denial of the plea in abatement. *See id.* at 591. The trial court had sufficient evidence before it to support its implied findings. *See In re Alexis*, 2012 Tex. App. LEXIS 10106, at *17. Therefore, the trial court did not abuse its discretion in denying Chavez's plea in

abatement. *See Perry Homes*, 258 S.W.3d at 598. Chavez's issues one and two are overruled.

## Brown's Waiver of Arbitration

Chavez presents a third issue for consideration that contends that Brown should not be allowed to pursue litigation because she had substantially invoked the arbitration clause. The record supports the fact that Chavez never presented this argument to the trial court, neither at the hearing on the motion to abate nor in his motion for new trial. Accordingly, nothing has been preserved for appeal. *See* Rule 33.1(a)(1)(A). Chavez's third issue is overruled.

## Conclusion

Having overruled all of Chavez's issues, the ruling of the trial court is affirmed.


Mackey K. Hancock
Justice