COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARTA MARTINEZ, | § | No. 08-08-00331-CV |
| Appellant, | § | Appeal from the |
| v. | § | 210th District Court |
| ALLEN SANDY WARD, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2004-1321) |
| | § | |

**O P I N I O N**

Marta Martinez appeals from the trial court's summary-judgment ruling in favor of the defendant. Finding Martinez failed to comply with the briefing requirements in Rule 38.1 of the Texas Rules of Appellate Procedure, we determine that nothing is presented for review and therefore, affirm the trial court's judgment.

**BACKGROUND**

In 2004, Martinez filed her petition alleging several defendants verbally and physically harassed her, and asked the trial court to force the defendants to acknowledge her rights in the property located at 3718 Wickham in El Paso County. Martinez later moved for summary judgment, and the trial court set a hearing on the motion for June 22, 2005. The court's docket sheet reflects that the hearing was held; however, no final judgment from that hearing appears in the record. Nevertheless, Martinez filed a notice of appeal, and we subsequently dismissed the appeal for want of jurisdiction. The defendant then moved for summary judgment on no-evidence grounds. The court's docket sheet does not indicate whether a hearing was held on the defendant's motion, and

1

the record does not contain a final judgment based on the defendant's motion. However, Martinez filed her second notice of appeal, and we dismissed that appeal for lack of jurisdiction, as well. Following our dismissal, the trial court held a hearing on the defendant's motion for summary judgment and subsequently entered an order granting summary judgment in the defendant's favor. It is from that order that Martinez now appeals.

## ANALYSIS

Initially, we note that we must construe Martinez's brief liberally as she is appearing *pro se*. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). However, *pro se* litigants still must comply with all applicable procedural rules. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.–El Paso 2007, no pet.); *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.–El Paso 2006, no pet.); *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App.–El Paso 2007, pet. struck); *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.–Dallas 2004, pet. denied); *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.–Amarillo 2003, pet. denied); *Clemens v. Allen*, 47 S.W.3d 26, 28 (Tex. App.–Amarillo 2000, no pet.); *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.–Texarkana 1997, no pet.); *Harris v. Showcase Chevrolet*, 231 S.W.3d 559, 561 (Tex. App.–Dallas 2007, no pet.). Thus, following the rules of appellate procedure, the *pro se* appellant's brief must state "all issues or points presented for review" and contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(f), (i). When no issues are stated and the brief contains no arguments or citations to the record or legal authority, nothing is presented for review. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Valadez*, 238 S.W.3d at 843; *Martinez*, 218 S.W.3d at 844; *Plummer*, 93 S.W.3d at 931; *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex.

2

App.–Houston [14th Dist.] 2002, no pet.). As a reviewing court, we have "no duty – or even right – to perform an independent review of the record and applicable law to determine whether there was error." *Valadez*, 238 S.W.3d at 845 (citations omitted).

Martinez's brief consists of nine pages. Those pages include a cover sheet, the identities of the parties, counsel, and judges, a table of contents, index of authorities, statement of the case, two cover sheets to the appendix, and a certificate of service. The brief does not identify any issues presented or contain a statement of facts, summary of argument, analysis or argument of any issues raised, prayer, or the documents noted on the cover sheets to the appendix. "It would be inappropriate for this Court to attempt to re-draft and articulate what we believe [Martinez] may have intended to raise as error on appeal." *Valadez*, 238 S.W.3d at 845, *citing Martinez*, 218 S.W.3d at 845. Because Martinez has not complied with the requirements of Rule 38.1, she has waived any issues she sought to raise on appeal. *See* TEX. R. APP. P. 38.1; *Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994); *Valadez*, 238 S.W.3d at 845; *Martinez*, 218 S.W.3d at 845.

Accordingly, we affirm the trial court's judgment.

GUADALUPE RIVERA, Justice

December 9, 2009

Before Chew, C.J., McClure, and Rivera, JJ.

3