COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| J.C. GENERAL CONTRACTORS, | § | No. 08-12-00012-CV |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | 210th District Court |
| TEODORO CHAVEZ, | § | of El Paso County, Texas |
| Appellee. | § | (TC#2006-4269) |
| | § | |

## **O P I N I O N**

At the conclusion of a jury trial Appellant, J.C. General Contractors, was found negligent and liable as a nonsubscriber to worker's compensation insurance under Texas Labor Code section 406.033. TEX. LAB. CODE ANN. § 406.033 (West 2006). Appellant was ordered to pay Appellee, Teodoro Chavez, $310,607.48 in damages for the injuries sustained from an accident involving a forklift on Appellant's job site.

### **BACKGROUND**

Appellant is a corporation owned by Mr. and Mrs. Jose and Hortencia Chavez.[1] Appellee,

---

[1] J.C. Contractors employed multiple members of the Chavez family, many of whom were involved in this case. For this reason, they will be referred to by their first names instead of the family last name.

the nephew of Jose and Hortencia, was employed by Appellant as a construction laborer. Miguel Chavez,[2] brother of Jose and uncle of Appellee, was the superintendent of the construction job site for a Sleep Inn where Appellee was working on May 31, 2006. Equipment at the job site included a forklift with a basket attached to it which was used to lift men to work on high parts of the structure and to take trash from upper floors down to the dumpster. The basket was attached to the forklift by chains wrapped around its mast and secured with locks.

Appellee testified that on the day of the accident, Miguel told him to get into the basket to be lifted up to take measurements of the porch. Appellee was unable to secure the basket to the forklift that day because Miguel had forgotten the key to the locks on the chains. Appellee was wearing a safety harness which was attached to the basket but not to the forklift. Appellee and a fellow laborer, Jose Ortiz, were lifted up in the metal basket. The basket fell forward at a height between ten and twenty feet and Appellee sustained serious injuries as a result.

Appellee suffered a broken collarbone, bruising of the lungs, internal bleeding of the liver, a broken wrist requiring nerve repair surgery, two fractured ribs, a fractured skull and traumatic brain injury resulting in mental problems and memory loss. It was undisputed at trial that the forklift was not designed to lift laborers and should not have been used in that manner. Appellant's affirmative defense was that Appellee was intoxicated by reason of introduction of cocaine at the time of the accident, and therefore, not entitled to relief under Labor Code section 406.033. TEX. LAB. CODE ANN. § 406.033(c)(2) (West 2006).

One of Appellee's coworkers, Hector Lara, testified that he saw Appellee snort cocaine the morning of the accident. Lara remembered Appellee acting hyper, and in a rush to get things

---

[2] Miguel Chavez was deceased at the time of trial and unable to testify.

done right before the accident happened, all of which are indicative of cocaine use. Lara also testified Appellee was jumping up and down in the basket right before it fell. Appellee's medical records revealed he tested positive for cocaine on the day he sustained the injuries. Appellee admitted to using cocaine multiple times in the past, but denied using it the morning of the accident. Appellee stated that the last time he had used cocaine was four days prior to the accident, which is why his drug test came back positive.

At the conclusion of trial, the jury was instructed to consider whether or not the injury to Appellee was caused while he was in a state of intoxication. The jury did not find that the injury was caused while Appellee was intoxicated and did find that Appellant's negligence proximately caused the injury. The jury determined that Appellee should recover $50,000 for physical pain and mental anguish sustained in the past, $50,000 for physical pain and mental anguish to be sustained in the future, $50,000 for physical impairment in the past, $135,607.48 for reasonable expenses of necessary medical care incurred in the past, $25,000 for loss of earning capacity sustained in the past, and recover nothing in regard to physical impairment to be sustained in the future or disfigurement as a result of the injuries. Appellant raises two issues on appeal.

## DISCUSSION

In Issue One, Appellant contends the trial court erred by issuing a charge stating that intoxication must have proximately caused the injuries. In Appellant's proposed jury charge, it submitted a jury question on whether or not the injury was caused while Appellee was in a state of intoxication. However, Appellant subsequently filed a memorandum requesting that the jury question language be changed to whether or not the injury to Appellee occurred while he was in a state of intoxication. Additionally, Appellant objected at the charge conference before the trial

3

court and requested again that the language of the question be amended. Appellant asserts the legislative history of section 406.033 supports his position that the statute does not require intoxication to be the cause of the injuries, but an employee is barred from relief merely by being intoxicated at the time the injuries are sustained. TEX. LAB. CODE ANN. § 406.033(c)(2) (West 2006). Appellee responds Appellant failed to preserve error because he invited the error by requesting the same jury question the trial court ultimately submitted. Appellee points us to two cases highlighting the invited error doctrine and asserts that Appellant similarly waived error on this issue. *Gen. Chem. Corp. v. De La Lastra*, 852 S.W.2d 916, 920 (Tex. 1993), *disapproved of by Vogler v. Blackmore*, 352 F.3d 150 (5th Cir. 2003) (a party may not invite error by requesting an issue and then objecting to its submission); *Berry v. Segall*, 315 S.W.3d 141, 143-44 (Tex. App. — El Paso 2010, no pet.) (appellant received its requested legal ruling on issues submitted to the jury and then complained of that ruling on appeal as well as argued a different theory on appeal than was presented to the trial court). We decline to extend the invited error doctrine to the facts of this case. Unlike *Gen. Chem. Corp* or *Berry,* Appellant is not asserting his objection for the first time on appeal or attempting to assert a different theory than that presented to the trial court. *Gen. Chem. Corp.*, 852 S.W.2d at 920; *Berry*, 315 S.W.3d at 143. Appellant made the same arguments requesting the change in language of the charge question in his memorandum and at the charge conference that he now brings on appeal.

Although Appellant did not waive this issue through invited error, it is waived by inadequate briefing pursuant to Rule 38.1 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 38.1(i). Appellant's brief sets forth some legislative history applicable to the statute on his affirmative defense, but fails to provide any relevant case law, citations to the record or

4

explanations as to how the submitted charge was understood by the jury to mean that Appellee's intoxication had to have been the cause of his injuries.[3] TEX. LAB. CODE ANN. § 406.033(c)(2) (West 2006). We are under no obligation to make Appellant's arguments for him. As such, when an issue is inadequately briefed and lacks proper citations to the record and legal authority, it presents nothing for our review. *See Foster v. City of El Paso,* 396 S.W.3d 244, 258 (Tex. App. — El Paso 2013, no pet.), and *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App. — El Paso 2007, no pet.). Issue One is overruled.

In Issue Two, Appellant states the jury's finding that Appellee was not intoxicated at the time of the accident is against the great weight and preponderance of the evidence. Appellant first sets forth an appropriate standard of review stating he bore the burden of proof below to establish Appellee's intoxication at the time of the injury and now on appeal he must demonstrate the adverse jury finding is against the great weight and preponderance of the evidence.

Next, Appellant provides a brief, half-page recitation of the facts of Appellee's drug use as testified to by Appellee, Lara, and Ortiz and argues that for the jury to have found that Appellee was not intoxicated at the time of the accident it would have, "had to completely disregard Mr. Lara's testimony." Appellant fails to consider that under the applicable standard of review, the jury, as the sole trier of fact may choose to believe or disbelieve all of the evidence before it and therefore, would have acted within its role if it found Lara not to be a credible witness and chose to completely disregard his testimony. *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005). Appellant provides no citations to the record directing us to the facts he sets forth for this issue or

---

[3] The language of the charge question (which is not cited to in Appellant's brief) asks if the injuries were "caused while" Appellee was in a state of intoxication. We assume that Appellant is arguing that the jury took this to mean "caused by" however, his brief fails to elaborate on how the language of the question would lead a rational jury to this understanding or point to anything in the record indicating that the jury relied on this alleged misinterpretation of causation when answering the intoxication question.

applies the facts to legal authority providing a substantive analysis of his claim. Accordingly, Issue Two is inadequately briefed and presents nothing for our review. TEX. R. APP. P. 38.1(i); *Foster,* 396 S.W.3d at 258; *Valadez,* 238 S.W.3d at 845. Issue Two is overruled. Because Appellant's brief lacked the necessary components of a clear and concise argument, we decline to reach the merits of his appeal. TEX. R. APP. P. 38.1(i), (j).

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

January 15, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.