

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EDUARDO A. JONSON, | § | No. 08-20-00169-CV |
| Appellant, | § | Appeal from the |
| v. | § | 261st Judicial District Court |
| LONG DUONG and REMY GROUSSON, | § | of Travis County, Texas |
| Appellees. | § | (TC# D-1-GN-19-006950) |

# **O P I N I O N**

Appellant Eduardo A. Jonson appeals from the trial court's order denying his motion to file an out-of-time amended petition, and dismissing his lawsuit against Appellees, Long Duong and Remy Grousson.[1] In three issues, Jonson contends that his rights as a pro se litigant were denied by the trial court's order; that the trial court judge who issued the final order dismissing his case failed to recuse herself; and that the two judges who issued orders in his case failed to adequately perform their duties as judicial officers.[2] For the reasons set forth below, we affirm the trial court's order.

---

[1] This case was transferred from our sister court in Austin, and we decide it in accordance with the precedent of that court to the extent required by TEX.R.APP.P. 41.3.

[2] Appellees' counsel informed this Court that they chose not to file a responsive brief, stating that they believe Jonson's appeal is "frivolous," and that they have already "spent thousands of dollars defending this case and simply do not have the resources to pay to defend this litigation at the appellate level."

# I. FACTUAL AND PROCEDURAL BACKGROUND

Acting as his own attorney, Jonson filed an original petition in October 2019 alleging that Appellants committed various breaches and tortious actions as to a business partnership in which the parties had been members. In December 2019, Appellees answered the petition, denied Jonson's claims, and filed special exceptions under Rule 91 of the Texas Rules of Civil Procedure. Those exceptions asserted that Jonson's pleadings were defective.[3] In addition, Appellees moved to dismiss the petition under Rule 91a, contending that the claims in the petition had no basis in law or fact.[4] In response, on February 14, 2020, Jonson filed what he labeled as a "verified amendment" to his petition, totaling 33 pages, with several documents attached.

## A. Judge Yelenosky's Special Exceptions Ruling

On February 20, 2020, Retired District Court Judge Stephen Yelenosky heard and granted the Rule 91 exceptions. The judge's order found that Jonson's original petition, as well as his verified amendment, were both "defective and must be replead with specificity such that it is clear from the pleading which facts are intended to support which causes of action." Judge Yelenosky's order also required Jonson to replead his petition before March 3, 2020, and set a ten-page limit. Judge Yelenosky did not rule on Appellees' motion to dismiss under Rule 91a.

---

[3] Rule 91 provides that: "A special exception shall not only point out the particular pleading excepted to, but it shall also point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to." TEX.R.CIV.P. 91.

[4] Rule 91a provides in part that: "Except in a case brought under the Family Code or a case governed by Chapter 14 of the Texas Civil Practice and Remedies Code, a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." TEX.R.CIV.P. 91a.

## B. Appellees' Second Motion to Dismiss

On March 9, 2020, and after Jonson failed to replead his petition, Appellees filed a second motion to dismiss based the failure to comply with the trial court's February order. They also renewed their argument that Jonson's petition had no basis in law or fact. Appellees filed a notice of hearing that same day, stating that a hearing had been scheduled for March 31, 2020, but mistakenly stated in their certificate of service that they had served Jonson with a copy of the notice on *March 9, 2019*. On March 20, 2020, Jonson filed a "motion to quash" Appellees' second motion to dismiss and the hearing notice, pointing out the discrepancy in the date of service.[5] In response, Appellees filed a corrected certificate of service, stating that there was a typographical error in their original certificate, and that they actually served Jonson with a copy of the notice of hearing on March 9, 2020 via electronic service. On May 28, 2020, Appellees submitted a proposed order granting their second motion to dismiss to the trial court.

## C. Jonson's Motion to File an Out-of-Time Amended Petition

In the interim, on May 12, 2020, Jonson filed a 10-page "Second Amended Verified Petition," together with 11 pages of exhibits. And on June 1, 2020, Jonson filed a "Motion For Leave to File[] Out of Time Second Amended Verified Petition with Affidavit of Exhibits in Support." In his motion, Jonson sought leave to file his out-of-time petition based on "excusable neglect," alleging, among other things that he did not timely receive notice of the trial court's February 20th order and was unaware of the order until he received Appellees' second motion to

---

[5] In his motion to quash, Jonson also complained that Appellees' first "91a motion" did not comply with some of the procedural safeguards attendant to Rule 91a motions to dismiss. Because Judge Yelenosky did not grant the Rule 91a motion (rather, only the Rule 91 motion) we omit any discussion of this portion of Jonson's response.

dismiss.[6]   Jonson, however, acknowledged that he was at the February 20th hearing at which Judge Yelenosky ruled on Appellees' request for special exceptions, and he also submitted copies of his email correspondence with Appellees' counsel about the form of a proposed order documenting Judge Yelenosky's ruling.   The proposed order, which Judge Yelenosky ultimately signed, found Jonson's original and amended pleadings to both be defective and set forth the March 3, 2020 deadline for Jonson to file his amended pleading.

### D.   Judge Livingston's Final Order

On June 23, 2020, Judge Lora Livingston, Presiding Judge of the 261st District Court, signed a final order, denying Jonson's motion to file his out-of-time second verified petition, and granting Appellees' motion to dismiss due to Jonson's failure to timely file an amended petition. Judge Livingston also formally denied Appellees' motion to dismiss under Rule 91a, and their request for attorney's fees.

## II.  ISSUES ON APPEAL

An overarching theme in Jonson's appeal, as reflected in his first and third issues, is that by granting Appellees' special exceptions and dismissing his lawsuit, the trial court judges denied him his rights as a pro se litigant and failed to abide by their duties as judicial officers to ensure that he was afforded his right to be heard.   We combine our discussion of these two issues.   We discuss separately his second issue in which he contends that Judge Livingston failed to recuse herself due to an alleged bias or prejudice against him.

---

[6] In his motion, Jonson once again argued that Appellees did not comply with Rule 91a.5(b) of the Texas Rules of Civil Procedure due to their failure to challenge the adequacy of his first amended petition in their first motion to dismiss.   In addition, Jonson referred to a March 6, 2020 emergency order issued by Travis County Judge Sarah Eckhardt regarding the Covid-19 pandemic, which among other things, declared "all rules and regulations that may inhibit or prevent prompt response to this threat suspended for the duration of the incident."   Jonson did not, however, explain how this emergency order affected his ability to timely file his amended petition.

4

### III.  STANDARDS FOR PRO SE LITIGANTS

To begin, we agree with Jonson that courts are required to construe the pleadings of pro se litigants to ensure that they are afforded a fair opportunity to be heard.  *See Feist v. Gutierrez*, No. 03-18-00474-CV, 2019 WL 3436996, at *1, n.2 (Tex.App.--Austin July 31, 2019, no pet.) (mem. op.) (court will construe pleadings liberally "so as to obtain a just, fair and equitable adjudication of the parties' rights."), *quoting Veigel v. Texas Boll Weevil Eradication Found., Inc.*, 549 S.W.3d 193, 195 n.1 (Tex.App.--Austin 2018, no pet.); *see also Martinez v. Ward*, 303 S.W.3d 326, 328 (Tex.App.--El Paso 2009, no pet.) (recognizing that court must construe pro se litigant's pleadings "liberally").  Nevertheless, as Jonson himself appears to recognize, pro se litigants are not exempt from complying with applicable laws and procedural rules.  *See Kalil v. Gen. Motors Corp.*, No. 08-00-00263-CV, 2002 WL 265818, at *2 (Tex.App.--El Paso Feb. 26, 2002, no pet.); *see also Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (recognizing that pro se litigants are not exempt from the rules of procedure); *Feist*, 2019 WL 3436996, at *1, n.2 (recognizing that a court must require "pro se litigants to comply with all applicable laws and rules of procedure.").  To hold otherwise would be to give pro se litigants an unfair advantage over litigants represented by counsel.  *See Gonzalez v. Magana*, No. 03-14-00387-CV, 2015 WL 4997868, at *2 (Tex.App.--Austin Aug. 18, 2015, pet. denied) (mem. op.), *citing Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978); *see also Martinez*, 303 S.W.3d at 328 (recognizing that if *pro se* litigants were not required to comply with applicable laws and rules of procedure, they would be given an unfair advantage over parties represented by counsel). As the Texas Supreme Court has recognized, "[h]aving two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel."  *Wheeler*, 157 S.W.3d at 444.

# IV. THE TRIAL COURT'S RULINGS

In Issue One, Jonson contends that both Judge Yelenosky and Judge Livingston failed to make a "reasonable accommodation" for his pro se litigant status in issuing their rulings, insinuating that his case was dismissed due to his unfamiliarity with procedural rules, and that in turn, this abridged his "substantive" right to have the case heard on the merits.[7] And relatedly, in Issue Three, Jonson alleges that both judges failed to adhere to and abide by their "duties" as state court judges to follow the law and the Texas Code of Judicial Conduct in making their rulings.[8] We conclude, however, that Jonson did not adequately brief either of these two issues.

In general, a trial court has the discretion to grant special exceptions when it finds a plaintiff's pleadings defective, and similarly has the discretion to dismiss a case when a plaintiff refuses or fails to cure the defects. *See Perry v. Cohen*, 285 S.W.3d 137, 142 (Tex.App.--Austin 2009, pet. denied)*, citing Cole v. Hall*, 864 S.W.2d 563, 566 (Tex.App.--Dallas 1993, writ dism'd w.o.j.) (en banc); *see also Sanchez v. Huntsville Indep. Sch. Dist.*, 844 S.W.2d 286, 290-91 (Tex.App.--Houston [1st Dist.] 1992, no writ) (after trial court granted special exceptions and Appellant refused to amend his pleadings, the trial court did not abuse its discretion in dismissing the appellant's action). Under our standard of review, Jonson would need to show an abuse of that discretion, meaning that the trial court acted without reference to any guiding rules or

---

[7] Jonson also complains that the trial court violated his rights as a pro se litigant when it dismissed a related lawsuit that he filed in 2017. But the 2017 dismissal order is not part of the present appeal.

[8] In his brief, Jonson cites various Canons in the Texas Code of Judicial Conduct, which he apparently believes the trial court judges violated, including Canon 3(B)(8), which provides in part that a "judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law." TEX.CODE JUD.CONDUCT, Canon 3(B)(8) *reprinted in* TEX.GOV'T CODE ANN., tit. 2, subtit. G, app. C. Jonson further contends that the judges' alleged Code violations may be cause for their removal from office in accordance with the Texas Constitution. *See* TEX.CONST. ART. V, § 1-a(6)(A). The method for removing a judge from office, however, is set forth in the Constitution, and this Court lacks the authority to consider such an issue.

principles, that is, it acted arbitrarily or unreasonably. *See Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003).

Jonson, however, has provided no argument or citation to authority to support his contention that Judge Yelenosky abused his discretion in granting the special exceptions, or that Judge Livingston erred in subsequently dismissing his lawsuit for failure to timely file an amended petition. Instead, he simply makes a broad and conclusory statement that the judges were not "lenient" or "solicitous" enough in making their rulings given his pro se status, and that they therefore failed to adequately perform their judicial duties to ensure that he had a chance to be heard.

Rule 38.1 of the Texas Rules of Appellate Procedure expressly requires an appellant's brief--even one filed by a pro se litigant--to state "all issues or points presented for review" and to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See Martinez*, 303 S.W.3d at 328, *quoting* TEX.R.APP.P. 38.1(f), (i). This requirement is not satisfied by merely uttering brief conclusory statements unsupported by legal citations, and the "[f]ailure to cite legal authority or provide substantive analysis of the legal issue presented results in waiver of the complaint." *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex.App.--El Paso 2007, no pet.); *see also Rader v. Berry*, No. 03-11-00810-CV, 2013 WL 6665075, at *1 (Tex.App.--Austin Dec. 11, 2013, no pet.) (mem. op.). As a reviewing court, we have "no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Martinez*, 303 S.W.3d at 328, *quoting Valadez*, 238 S.W.3d at 845 (citations omitted). Were we to do so, even on behalf of a *pro se* appellant, "we would be abandoning our role as neutral adjudicators and become an advocate for that party." *Valadez*, 238 S.W.3d at 845. And when an appellant does not adequately brief an issue on appeal

7

in accordance with Rule 38.1, any error that may have occurred in the trial court is waived. *See ERI Consulting Engineers, Inc. v. Swinnea*, 318 S.W.3d 867, 880-81 (Tex. 2010); *see also J.C. Gen. Contractors v. Chavez*, 421 S.W.3d 678, 681 (Tex.App.--El Paso 2014, pet. denied) (when a party fails to brief a complaint adequately, it waives the issue on appeal); *Howell v. Texas Workers' Comp. Comm'n*, 143 S.W.3d 416, 443 (Tex.App.--Austin 2004, pet. denied) (appellant's failure to cite any authority in support of its argument waives the argument and leaves appellate court with nothing to review). Thus, because Jonson has failed to make a clear and concise argument, supported by appropriate citation to legal authority to support his claim that the trial court judges erred in making their rulings, he has disregarded the requirements of Rule 38.1 and has therefore waived both Issues One and Three.

Jonson's Issues One and Three are overruled.

## IV.   ISSUE TWO: RECUSAL OF THE TRIAL JUDGE

In Issue Two, Jonson contends that Judge Livingston erred by failing to recuse or disqualify herself from hearing his case, asserting that she was not "fair or impartial" in dismissing his lawsuit and refusing to grant his motion to file his out-of-time pleading. In support of his argument, Jonson cites Rule 18b of the Texas Rules of Civil Procedure, which sets forth the grounds for both recusals and disqualifications. Rule 18b provides, in part, that a judge must recuse when "the judge's impartiality might reasonably be questioned" or when "the judge has a personal bias or prejudice concerning the subject matter or a party." *See* TEX.R.CIV.P. 18b(b)(1), (2). But a litigant claiming that a judge is biased or prejudiced must timely move to recuse the judge in the trial court in accordance with Rule 18a; otherwise the issue is waived on appeal.[9] *See Nairn v.*

---

[9] Unlike recusal issues, disqualification is absolute, and therefore a party may raise an issue about whether a judge is constitutionally disqualified at any time. *See generally Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 148

8

*Killeen Indep. Sch. Dist.*, 366 S.W.3d 229, 250-51 (Tex.App.--El Paso 2012, no pet.) (recognizing that the failure to comply with Rule 18a's mandatory requirement of filing a timely motion to recuse waives any right to complain thereafter); *see also Esquivel v. El Paso Healthcare Sys., Ltd.*, 225 S.W.3d 83, 88 (Tex.App.--El Paso 2005, no pet.) (a party who fails to file a motion which complies with Rule 18a waives the right to complain of a judge's refusal to self-recuse), *citing In re Union Pacific Resources Co.*, 969 S.W.2d 427, 428 (Tex. 1998). Our record contains no motion to recuse, and Jonson does not contend in his brief that he raised Judge Livingston's alleged bias below. The issue is not preserved for our review.

Moreover, even if we were to consider the issue, we note that Jonson does not explain why he believes that Judge Livingston was biased or impartial, other than to express his dissatisfaction with her rulings in his case. However, a dissatisfaction with a judge's rulings does not serve as a basis to recuse a judge, unless a reasonable person could conclude that the rulings evidence such "a high degree of favoritism or antagonism that render[ed] fair judgment impossible." *Bettwieser v. Jeffery*, No. 05-18-01266-CV, 2020 WL 4435307, at *5 (Tex.App.--Dallas Aug. 3, 2020, no pet.) (mem. op.); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) (recognizing that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and opinions that a judge forms during trial do not necessitate recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."). Jonson has alleged no facts to support a finding that Judge Livingston harbored any deep-seated antagonism toward him that would have justified recusal.

---

(Tex. 1982). At any rate, a judge is only disqualified for having an interest in the case, a relationship within a certain degree to a party, or having served as counsel in the case. *See* TEX.CONST. ART. V, § 11; TEX.R.CIV.P. 18b(a). Jonson has made no suggestion that Judge Livingston was disqualified based on any of these grounds.

Jonson's Issue Two is Overruled.

## VI. CONCLUSION

The trial court's judgment is affirmed.[10]

JEFF ALLEY, Justice

December 23, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

---

[10] In his prayer for relief, Jonson requests that we not only reverse the trial court's order, but that we issue a writ of mandamus under section 15.0642 of the Texas Civil Practices and Remedies Code to "enforce a mandatory-venue provision" to protect his rights as a pro se litigant. "A party may apply for a writ of mandamus with an appellate court to enforce the mandatory venue provisions of this chapter." TEX.CIV.PRAC.& REM.CODE ANN. § 15.0642. Jonson, however, cannot complain of the venue that he selected in filing his lawsuit, nor does he cite any applicable mandatory venue provisions.