

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00017-CV

---

IN THE INTEREST OF J.M.H., D.P.H., A.R.H., AND J.B.H., CHILDREN

---

On Appeal from the 84th District Court
Hansford County, Texas
Trial Court No. CV05055, Honorable Curt Brancheau, Presiding

---

March 3, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Jason Paul Holloway, appearing pro se, appeals the trial court's agreed order confirming child support arrearage.[1]  In April of 2021, Holloway filed his initial "brief" which consisted of a two-page letter and an attachment.  This Court, by letter dated April 13, 2021, notified Holloway that his brief did not comply with Texas Rule of Appellate Procedure 38.1.  *See* TEX. R. APP. P. 38.1.  We ordered Holloway to file an amended brief that complied with the rules of appellate procedure and advised him that failure to

---

[1] The mother of the children the subject of the underlying suit and the Office of the Attorney General were also parties to the order confirming support arrearage.

do so may result in waiver of appellant's arguments. On April 20, 2021, Holloway filed a one-page letter that similarly failed to comply with the rules of appellate procedure.

Analysis

As an initial matter, we note that we liberally construe pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184-85 (Tex. 1978). A relaxation of the rules in favor of self-represented litigants would provide such parties with an unfair advantage over parties who are represented by counsel. *Viasana v. Ward Cnty.*, 296 S.W.3d 652, 654 (Tex. App.—El Paso 2009, no pet.).

Texas Rule of Appellate Procedure 38 provides that a brief to this Court shall contain, among other things, a concise statement of the issues presented; a concise, nonargumentative statement of the facts of the case, supported by record references; and a clear and concise argument for the contention made with appropriate citations to authorities and the record. *See* TEX. R. APP. P. 38.1(f), (g), (i). Failure to cite legal authority or provide substantive analysis of the legal issue presented effects a waiver of that issue on appeal. *Martinez v. El Paso Cnty.,* 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck). An appellate court has no duty to perform an independent review of the record and applicable law to determine whether there was error in the lower court. *Id.* "Bare assertions of error, without argument or authority, waive error." *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.); *see Fredonia*

2

*State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994) (discussing "long-standing rule" that point may be waived due to inadequate briefing).

When, as here, no issues are stated and the brief contains no arguments or citations to the record or legal authority, nothing is presented for review. *Martinez v. Ward,* 303 S.W.3d 326, 328 (Tex. App.—El Paso 2009, no pet.). Accordingly, Holloway waived any complaint to the agreed order confirming child support arrearages. *See Baw v. Baw,* 949 S.W.2d 764, 766 (Tex. App.—Dallas 1997, no writ) ("A party cannot appeal from a judgment to which [he] has consented or agreed absent an allegation and proof of fraud, collusion, or misrepresentation."); *Boufaissal v. Boufaissal,* 251 S.W.3d 160, 161 (Tex. App.—Dallas 2008, no pet.) ("A party's consent to the trial judge's entry of judgment waives any error, except for jurisdictional error, contained in the judgment, and that party has nothing to properly present for appellate review.").

Conclusion

We affirm the trial court's judgment.

Judy C. Parker
Justice