# NO. 12-23-00279-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICHARD KIRBY,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 241ST* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *BENNY FLETCHER,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Richard Kirby, proceeding pro se, appeals following the trial court's order awarding sanctions against him and in favor of Appellee Benny Fletcher and dismissing his suit. Kirby raises two issues on appeal. We affirm.

### BACKGROUND

Kirby was a tenant on property owned by Fletcher by virtue of a lease between Agrinomics, LLC and Fletcher. Separately, the parties entered into a "Farm and Ranch Contract," by which Agrinomics, LLC sought to purchase the property from Fletcher. That contract stated that the lease agreement would terminate upon default of the purchase contract. After a period of years, when the purchase contract did not close, Fletcher demanded that Kirby and his wife vacate the premises. Kirby, who contended that Fletcher was responsible for addressing certain alleged deficiencies of the property, filed the instant suit in the 241st Judicial District Court of Smith County, Texas against Fletcher, by which he sought relief pursuant to Title 8, Chapter 92 of the Texas Property

Code[1] and asked the court to order Fletcher to "cease and desist any further demands or attempts to evict [him] from the property."

Days later, Fletcher filed suit in Justice Court, Precinct 5, of Smith County Texas to evict Kirby from the property. Following a hearing, the Justice Court ordered Kirby to vacate the premises and entered judgment in Fletcher's favor. Kirby appealed the Justice Court's order to the County Court at Law of Smith County, Texas for a trial de novo. There, Kirby filed a plea to the jurisdiction, in which he argued that the Justice Court lacked jurisdiction to entertain the eviction suit in light of his pending petition for relief in the underlying case. The court denied his plea to the jurisdiction and, ultimately, entered judgment in Fletcher's favor.

Kirby appealed the County Court at Law's judgment to this court. We dismissed the appeal due to Kirby's failure to comply with Texas Civil Practice and Remedies Code, Section 51.017.[2] Kirby filed a petition for review with the Texas Supreme Court, which was denied. Following our dismissal of Kirby's appeal, the County Court at Law issued a writ of possession and ordered the clerk of the court to issue the writ in accordance with its final judgment. Kirby appealed this order. We dismissed Kirby's appeal because we determined we lacked jurisdiction to review the trial court's order issuing a writ of possession because it was not a final judgment or an otherwise appealable order.[3] Kirby filed a petition for review with the Texas Supreme Court, which was dismissed for want of jurisdiction.

Thereafter, Kirby filed a petition for writ of mandamus in this court, in which he argued that the County Court at Law abused its discretion by refusing to rule on his plea to the jurisdiction when it had reasonable time to do so. See *In re Kirby*, No. 12-21-00191-CV, 2021 WL 5500524, at \*2 (Tex. App.–Tyler Nov. 23, 2021, no pet.) (mem. op.). In his plea, Kirby argued that the Justice Court lacked jurisdiction to entertain Fletcher's eviction petition because the action he filed in the District Court was filed first and involved the same parties. See *id.* In support of his argument, he contended that Texas Property Code, Sections 92.006, 92.052, and 92.331 prevented the Justice Court and County Court at Law from exercising jurisdiction when Fletcher had been

---

[1] *See, e.g.*, TEX. PROP. CODE ANN. §§ 92.006, 92.061, 92.331 (West 2023).

[2] *See **Kirby v. Fletcher***, No. 12-21-00146-CV, 2021 WL 4313862, at \*1 (Tex. App.–Tyler Sept. 22, 2021, pet. denied) (mem. op).

[3] ***Kirby v. Fletcher***, No. 12-21-00160-CV, 2021 WL 5118410, at \*2 (Tex. App.–Tyler Nov. 3, 2021, pet. dism'd w.o.j.) (mem. op.).

served with a notice of repairs, and the Justice Court and County Court at Law cannot exercise jurisdiction when the property was under contract between the parties. *See id.* In denying Kirby's petition, we held that Kirby's arguments were heard and denied by the County Court at law, both explicitly by order and implicitly in the court's final judgment. *See id.* We further held that Kirby conceivably could challenge the implicit denial of his plea on appeal from the County Court at Law's final judgment.[4] *See id.* Kirby did not appeal our denial of his petition for writ of mandamus to the Texas Supreme Court.

In the underlying suit, as it pertains to this appeal, after filing an answer, Fletcher filed a motion for sanctions against Kirby pursuant to Texas Civil Practice and Remedies Code, Chapter 10,[5] to which Kirby filed a response. Following an evidentiary hearing on the matter, the trial court granted Fletcher's motion for sanctions, awarded attorney's fees as sanctions against Kirby in the amount of $12,775.00, and dismissed his suit. This appeal followed.

## THE JUSTICE COURT'S AND COUNTY COURT AT LAW'S JURISDICTION

In his first issue, Kirby seeks to collaterally attack the judgment and writ of possession of the County Court at Law because, as he contends, the underlying cause of action deprived the Justice Court and the County Court at Law of jurisdiction over Fletcher's eviction suit.

### Inadequate Briefing

Although Kirby is proceeding pro se, he still is held to the same standards as a licensed attorney and must comply with all applicable rules of procedure; otherwise, he would benefit from an unfair advantage over parties represented by counsel. *See **Kirby v. Fletcher***, No. 12-21-00146-CV, 2021 WL 4313862, at *1 n.1 (Tex. App.–Tyler Sept. 22, 2021, pet. denied) (mem. op). In the briefing of his first issue, Kirby does little more than state legal propositions with citations to authority. He provides no citations to the record, nor does he seek to apply the facts to the legal authority he cites, so as to provide any substantive analysis of his claim. Accordingly, Kirby's first issue is inadequately briefed and presents nothing for our review. *See*

---

[4] We noted that the appeal of this case was dismissed due to Kirby's failure to comply with Texas Civil Practice and Remedies Code, Section 51.017(a). *See **In re Kirby***, No. 12-21-00191-CV, 2021 WL 5500524, at *2 (Tex. App.–Tyler Nov. 23, 2021, no pet.) (mem. op.). Thus, we held that because Kirby had not acted diligently to protect his rights, he could not use mandamus as a substitute for an appeal, even though the appellate remedy no longer was available. *See id.*

[5] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 10.001–10.005 (West 2017).

3

***J.C. Gen. Contractors v. Chavez***, 421 S.W.3d 678, 682 (Tex. App.–El Paso 2014, pet. denied) (citing TEX. R. APP. P. 38.1(i)). As such, because Kirby's brief lacked the necessary components of a clear and concise argument, we could decline to reach the merits of his first issue. *See **Chavez***, 421 S.W.3d at 682. But even had Kirby adequately briefed his first issue, the outcome would not differ.

## Concurrent Jurisdiction for Forcible Detainer Actions

In his first issue, Kirby argues that according to specified legal precedent, the justice court and county court at law did not have jurisdiction to resolve the forcible detainer action against him because the cause of action in the underlying case deprives the other courts of jurisdiction.[6] Whether a court has subject-matter jurisdiction is a question of law, which we review de novo. ***Wagner v. D'Lorm***, 315 S.W.3d 188, 191 (Tex. App.–Austin 2010, no pet.).

### *Governing Law*

"The procedure to determine the right to immediate possession of real property, if there was no unlawful entry, is the action of forcible detainer." ***Hong Kong Dev., Inc. v. Nguyen***, 229 S.W.3d 415, 433 (Tex. App.–Houston [1st Dist.] 2007, no pet.); ***Rice v. Pinney***, 51 S.W.3d 705, 709 (Tex. App.–Dallas 2001, no pet.); *see* TEX. PROP. CODE ANN. § 24.002 (West 2023) (defining forcible detainer). A justice court in the precinct in which the subject real property is located has jurisdiction in eviction suits, including forcible entry and detainer suits and forcible detainer suits. *See* TEX. PROP. CODE ANN. § 24.004(a) (West 2023); ***Town of Anthony v. Lopez***, 661 S.W.3d 667, 670 (Tex. App.–El Paso 2023, pet. denied). Determinations by a justice court in such cases may be appealed to a county court for a trial de novo. ***Padilla v. NCJ Dev., Inc.***, 218 S.W.3d 811, 815 (Tex. App.–El Paso 2007, pet. dism'd w.o.j.).

To prevail in a forcible detainer action, a plaintiff is not required to prove title but only is required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. ***Nguyen***, 229 S.W.3d at 433; ***Ward v. Malone***, 115 S.W.3d 267, 270 (Tex. App.–Corpus Christi 2003, pet. denied). Such evidence of ownership often may be satisfied by proof of

---

[6] Although, in his first issue, Kirby seeks to collaterally attack an allegedly void judgment, the relevance of his argument to this court is most pertinent to the issue of whether the trial court abused its discretion in granting Fletcher's motion for sanctions and dismissing his suit since these same arguments were raised in response to Fletcher's motion. *See **Wagner v. D'Lorm***, 315 S.W.3d 188, 192 (Tex. App.–Austin 2010, no pet.) (void judgment resulting from court's lack of jurisdiction may be subject to collateral attack); *see also **Cire v. Cummings***, 134 S.W.3d 835, 838 (Tex. 2004) (court of appeals reviews ruling on motion for sanctions for abuse of discretion). Kirby makes no mention in his brief of the trial court's order awarding sanctions and dismissing his suit.

a landlord-tenant relationship. *See Rice*, 51 S.W.3d at 712. For these reasons, "a judgment of possession in a forcible detainer action is a determination only of the right to immediate possession and does not determine the ultimate rights of the parties to any other issue in controversy relating to the realty in question." *Lopez v. Sulak*, 76 S.W.3d 597, 605 (Tex. App.–Corpus Christi 2002, no pet.); *see Martinez v. Beasley*, 572 S.W.2d 83, 85 (Tex. Civ. App.–Corpus Christi 1978, no writ).

But a forcible detainer action is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this state. *See Rice*, 51 S.W.3d at 709. Thus, the displaced party is entitled to bring a separate suit concurrently in the district court to determine the question of title. *See id.* Accordingly, even in situations where a contract-for-sale of property is pending at the time an eviction suit is filed against a prospective buyer, the alleged existence of such a contract does not deprive a justice court of jurisdiction to consider a forcible entry and detainer action. *See Lugo v. Ross*, 378 S.W.3d 620, 623–24 (Tex. App.–Dallas 2012, no pet.); *Falcon v. Ensigna*, 976 S.W.2d 336, 338 (Tex. App.–Corpus Christi 1998, no pet.) (justice courts may adjudicate possession in forcible entry and detainer suit when issues related to title of real property only are tangentially or collaterally related to possession). Moreover, in situations where a defendant alleges the existence of a boundary dispute in a separate action brought in district court, such an allegation, which necessarily involves an issue of title, does not deprive a justice court of jurisdiction to consider a forcible entry and detainer because it may be brought concurrently with the title dispute in district court. *Cf. Rice*, 51 S.W.3d at 709.

### Discussion

In the instant case, there is no question that the parties had a landlord-tenant relationship. Indeed, one of the bases of Kirby's suit arises from a statute which sets forth a landlord's duties and a tenant's remedies. *See* TEX. PROP. CODE ANN. § 92.006 (West 2023). And to the extent that Kirby's allegations in this case pertain to the existence of a lease-purchase, real-estate contract or a boundary dispute between the parties, such allegations do not deprive the Justice Court or County Court at Law of jurisdiction to consider and resolve Fletcher's forcible detainer action against Kirby. *See Rice*, 51 S.W.3d at 709; *see also Ross*, 378 S.W.3d at 623–24; *Falcon*, 976 S.W.2d at 338. Accordingly, we hold that the trial court did not abuse its discretion in awarding sanctions in light of Kirby's seeking a "cease and desist" order and in light of these jurisdictional arguments. Kirby's first issue is overruled.

5

## RELIEF PURSUANT TO TEXAS PROPERTY CODE, CHAPTER 92

In his second issue, Kirby argues that "No one in Smith County has a Department that has the statutory jurisdiction to fulfill the requirements of the Texas Property Code, Title 8, Chapter 92."

Once again, in his briefing, Kirby does little more than state legal propositions with citations to authority. He provides no citations to the record, nor does he seek to apply the facts to the legal authority he cites, so as to provide any substantive analysis of his claim. Accordingly, Kirby's second issue is inadequately briefed and presents nothing for our review. *See Chavez*, 421 S.W.3d at 682 (citing TEX. R. APP. P. 38.1(i)). Further still, none of the statutory authority Kirby cites supports or even vaguely relates to his proposition that no entity has jurisdiction to enforce or consider actions related to such statutes. Nor does any of Kirby's briefing of this issue suggest that the trial court in this case lacked jurisdiction to consider Kirby's suit.[7] Therefore, because Kirby's brief lacked the necessary components of a clear and concise argument and does not suggest that the trial court in the underlying proceedings lacked jurisdiction, we decline to reach the merits of his second issue. *See Chavez*, 421 S.W.3d at 682. Kirby's second issue is overruled.

## DISPOSITION

Having overruled Kirby's first and second issues, we **affirm** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered August 15, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[7] The trial court concluded that Chapter 92 of the Texas Property Code is inapplicable to this case because the lease establishing the landlord-tenant relationship was entered into by a business, Agrinomics, LLC, and did not involve residential rental property. *See* TEX. PROP. CODE ANN. § 92.002 (West 2023) (Chapter 92 applies only to relationship between landlords and tenants of residential rental property). In his brief, Kirby does not challenge this conclusion of law in the trial court's order awarding sanctions and dismissing his case. *See Akhtar v. Leawood HOA, Inc.*, 525 S.W.3d 814, 819 (Tex. App.–Houston [14th Dist.] 2017, no pet.) (appellant must challenge all independent grounds supporting judgment or legal conclusion under attack).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 15, 2024**

**NO. 12-23-00279-CV**

**RICHARD KIRBY,**
Appellant
V.
**BENNY FLETCHER,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 21-1098-C)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, Richard Kirby, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*