

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: | § | No. 08-24-00330-CV |
| KVIA–CHANNEL 7, | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |
| | § | |
| | § | |

## MEMORANDUM OPINION

KVIA – Channel 7, an El Paso, Texas media outlet, filed this mandamus asserting that the trial court abused its discretion in failing to quash a grand jury subpoena which, according to KVIA, compels the production of items protected by Texas' qualified journalist's privilege. The trial court made specific findings, some independently supporting its ruling. Because KVIA does not address each independent ground to support the trial court's order, we conclude that it has failed to demonstrate a clear abuse of discretion.

# I. BACKGROUND

KVIA was one of several El Paso County media outlets that interviewed a parent whose minor child drowned at a local water park.[1] KVIA later televised an edited version of its interview.

A grand jury was convened under the supervision of the Honorable William E. Moody, judge of El Paso County's 34th Judicial District Court, to consider whether the parent should be indicted on criminal charges stemming from the drowning. In late August 2024, the Grand Jury issued a subpoena *duces tecum* to KVIA, compelling the production of its "Entire unedited story/interviews involving [the incident]."[2] KVIA moved to quash the subpoena, arguing the subpoenaed materials are protected by Texas' qualified journalist's privilege.[3] The trial court held a hearing on the motion to quash on September 9, 2024, but if a record was taken, it is not included in the mandamus record.[4]

After the hearing, the court entered an Order denying the motion and instructing KVIA to produce the subpoenaed materials The Order includes specific findings and conclusions

---

[1] This is the second mandamus filed over this same issue. We concluded in the first mandamus that the issue had become moot as the term of the grand jury expired and the subpoena was no longer in effect. *In re KVIA-Channel 7*, No. 08-24-00214-CV, 2024 WL 3870391, at *1 (Tex. App.—El Paso Aug. 19, 2024, no pet. h.) (mem. op.). Additional background facts are set out in that opinion.

[2] The State of Texas authorizes a grand jury to compel the production of evidence by subpoena in furtherance of its investigation of criminal accusations. *See* Tex. Code Crim. Proc. Art. 20A.252(c).

[3] *See* Tex. Code Crim. Proc. Article 38.11.

[4] KVIA bears the burden of providing this Court with a sufficient record to establish their right to mandamus relief. Tex. R. App. P. 52.7(a)(2) ("Relator must file with the petition: a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained."). It is unclear to this Court whether a record was made, or if evidence was taken. Because we resolve the mandamus on a different basis, we are not required to determine if the absence of a complete record is also a ground to deny relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) ("[H]aving failed to meet this burden [of providing a record of the evidentiary hearing below], the [relators] have not provided us with a record upon which they can establish the right to mandamus relief . . . ").

confirming both that the State had met its statutory burden of proof and that the court had properly considered each of the factors required to overcome the qualified journalist's privilege. The order *also* contains the following finding:

> KVIA has already provided a copy of the item(s) requested via the State's Grand Jury Subpoena to their attorney, who is also the Defendant's attorney thereby waiving any protections journalist may have under the law.

This last finding pertains to a claim that the State made that KVIA's counsel also represents the parent in the criminal matter, which the State argued was "a clear conflict of interest" and waived KVIA's entitlement to the protection of the qualified journalist's privilege (and, presumably, to the protection of the attorney-client privilege that existed between KVIA and counsel).[5]

KVIA then filed this mandamus contending that the trial court abused its discretion because it failed to properly apply the correct legal principles in denying KVIA's motion to quash, and that it has no adequate remedy by appeal. KVIA's arguments focus on (1) the claimed failure of the State to meet the statutory requirements for overcoming the qualified journalist's privilege; and (2) the overbreadth of the subpoena.[6] The mandamus petition fails, however, to address the trial court's waiver finding and rationale.

---

[5] According to the State's Brief in Opposition: "Moreover, providing a copy of the requested items [to counsel when he also represents the parent] waives *any privilege or immunity* KVIA might have ever had." *(Emphasis added)*.

[6] Our opinion in the first mandamus notes the overbreadth issue in the wording of the subpoena; the State apparently took no efforts to sharpen the language with the second subpoena.

## II. DISCUSSION

### A. Standards for issuing mandamus relief.

An appellate court may issue a writ of mandamus only if the trial court abused its discretion and there is no other adequate remedy at law. *In Re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 681 (Tex. 2022); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992).

A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *See Walker*, 827 S.W.2d at 839. As the reviewing court, we cannot substitute our discretion for that of the trial court. *In re Mahindra, USA, Inc.*, 549 S.W.3d 541, 550 (Tex. 2018). Yet a trial court has no "discretion" in determining what the law is or applying the law to the facts. *Walker*, 827 S.W.3d at 840. Moreover, a clear failure by a trial court to analyze or correctly apply the law will amount to an abuse of discretion, possibly resulting in an appellate reversal by extraordinary writ. *Id.* (citing *Joachim v. Chambers*, 815 S.W.2d 234, 240 (Tex. 1991)).

Another "fundamental tenet" of mandamus practice requires that persons seeking mandamus relief establish the lack of an adequate appellate remedy. *Walker*, 827 S.W.2d at 840 (citing *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989)). The writ issues "only in situations involving manifest and urgent necessity; [it is] not for grievances that may be addressed by other remedies." *Id.*

The burden is on the relator to show that it is entitled to mandamus relief. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *In re Vara*, 668 S.W.3d 827, 828 (Tex. App.—El Paso 2023, no pet.). When a trial court order is supported by several independent grounds, the Relator must negate each rationale for the order challenged. *See*

4

*In re Rudolph Auto., LLC*, 674 S.W.3d 289, 298–99 (Tex. 2023) (addressing each of the four grounds used to support the grant of a new trial before granting mandamus relief); *In re State*, 599 S.W.3d 577, 590 (Tex. App.—El Paso 2020, no pet.) (granting mandamus relief when the "State has negated all possible bases for the trial court's order").

### B. KVIA fails to show its entitlement to relief

KVIA's Petition is silent on the waiver issue which was an independent rationale for the trial court's decision. That is, even if the journalist's privilege applies, the trial court found a waiver of the privilege and that waiver is not addressed in the mandamus petition. A mandamus petition must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." Tex. R. App. P. 52.3 (h); *see also Martinez v. El Paso Cnty.*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck) ("Failure to cite legal authority or provide substantive analysis of an issue waives the complaint.").

As the reviewing court, it is neither our duty nor our place to perform an independent review of the record and applicable law to determine upon which issues the trial court may have erred. *See Jonson v. Duong*, 642 S.W.3d 189, 194 (Tex. App.—El Paso 2021, no pet.) (citing *Martinez v. Ward*, 303 S.W.3d 326, 328 (Tex. App.—El Paso 2009, no pet.)). We have no discretion to construct an issue not raised in the appellant's brief, even if the ends of justice require such a course. *See Bankhead v. Maddox*, 135 S.W.3d 162, 163–64 (Tex. App.—Tyler 2004, no pet.) (citing *Krumb v. Porter*, 152 S.W.2d 495, 496 (Tex. App.—San Antonio 1941, writ ref'd)). Were we to do so, we would abandon our role as neutral and unbiased adjudicators of the dispute before us and

become an advocate for the party. *See Martinez*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, no pet.) (citing *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied)).[7]

### III. CONCLUSION

Accordingly, because KVIA has not addressed (and thus failed to negate) all the independent grounds for the trial court's Order, we cannot conclude that the trial court abused its discretion. Mandamus is denied.

JEFF ALLEY, Chief Justice

September 27, 2024

Before Alley, C.J., Palafox, and Soto, JJ.

---

[7] That said, nothing in this opinion should be read as an endorsement or derision of the waiver finding made below. Equally so, we express no opinion on whether the trial court abused its discretion in finding that the State met its burden to overcome the qualified journalist's privilege.

6