# IN THE SUPREME COURT OF TEXAS

════════════
No. 11-0644
════════════

TEXAS COMMISSION ON HUMAN RIGHTS, TEXAS WORKFORCE COMMISSION, DAVID POWELL, AND ROBERT GOMEZ, PETITIONERS,

v.

MARILOU MORRISON, RESPONDENT.

════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS
════════════════════════════════════════════════

**PER CURIAM**

In *Casteel*,[1] we held that error is presumed harmful and a new trial is required when a trial court submits a broad-form liability question containing both valid and invalid theories of liability because the appellate court cannot determine whether the jury relied on an invalid theory. In this employer retaliation case, a broad-form jury question allowed the jury to find liability based on a legal theory that was jurisdictionally barred and thus could not support liability. As in *Casteel*, we cannot determine whether the jury relied on the invalid theory. Accordingly, we reverse the judgment of the court of appeals and remand the case for a new trial.

---

[1] *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 389 (Tex. 2000).

Marilou Morrison began her employment with the Texas Commission on Human Rights (TCHR) in 1991[2] and after several promotions ultimately reached the highest-ranking investigator position. During her employment, TCHR's long-time executive director retired. According to Morrison, the new executive director made derogatory comments to her about her race and rejected more qualified minority job applicants in favor of hiring white employees. After Morrison applied but was not chosen for a team leader position the following year, she requested TCHR's information related to the denied promotion. There was conflict between Morrison and her colleagues and supervisors for over two years,[3] culminating in a "severe act of threat and intimidation" that Morrison allegedly perpetrated on Vickie Covington, the employment investigations manager. TCHR terminated Morrison's employment.

Morrison filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), which included several bases for discrimination but did not include the denied promotion. Morrison then sued TCHR for retaliation. At trial, counsel and various witnesses discussed the denied promotion. During the jury charge conference, the trial court proposed the following question on liability:

> Did the Texas Commission on Human Rights (TCHR) take adverse personnel actions against Marilou Morrison because of her opposition to an unlawful discriminatory practice?

---

[2] At all relevant times Morrison worked for TCHR. However, in 2003, the Legislature abolished TCHR and moved its duties to the Texas Workforce Commission's Civil Rights Division. Act of June 18, 2003, 78 Leg., R.S., ch. 302, 2003 Tex. Gen. Laws 1279, 1279-81.

[3] TCHR alleged Morrison had not met average monthly case closure rates and that she had violated TCHR protocol by failing to notify her supervisor before leaving the office.

The charge did not define "adverse personnel actions." TCHR objected, arguing the broad-form submission improperly commingled adverse personnel actions. Specifically, TCHR objected that the term adverse personnel actions would allow the jury to find liability without unanimity because there were multiple occurrences the jury could view as adverse personnel actions. TCHR tendered a liability question that focused solely on the termination. The trial court denied the objection. The jury found TCHR liable for retaliation and awarded $300,000 in compensatory damages. After post-trial hearings, the trial court entered a judgment reinstating Morrison to her position and awarding her $300,000 in compensatory damages, $300,000 in attorney's fees, and other equitable remedies.

On appeal, TCHR argued, *inter alia*, that the jury charge allowed a finding of liability based on invalid legal theories. The court of appeals concluded that TCHR waived its objection.[4] 346 S.W.3d 838, 848. Because we hold that TCHR did not waive its objection and error is presumed, we reverse and remand for a new trial.

"When a single broad-form liability question erroneously commingles valid and invalid liability theories and the appellant's objection is timely and specific, the error is harmful when it cannot be determined whether the improperly submitted theories formed the sole basis for the jury's finding." *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 389 (Tex. 2000).

We first address whether TCHR preserved error. Texas Rule of Civil Procedure 274 provides, "[a] party objecting to a charge must point out distinctly the objectionable matter and the grounds of the objection. Any complaint as to a question, definition, or instruction, on account of

---

[4] The court of appeals also reduced Morrison's compensatory damage award to $50,000, pursuant to the statutory cap in section 21.2585(d)(1) of the Texas Labor Code. 346 S.W.3d 838, 853.

any defect, omission, or fault in pleading, is waived unless specifically included in the objections."

TEX. R. CIV. P. 274. It is essential that the trial court is put on notice of the complaint "timely and plainly." *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 240–41 (Tex. 1992).

> The jury was asked:
>
> Did the Texas Commission on Human Rights (TCHR) take adverse personnel actions against Marilou Morrison because of her opposition to an unlawful discriminatory practice?

The charge did not define "adverse personnel actions." Morrison first contends that TCHR's only objection to the liability question was that it could result in a non-unanimous verdict.[5] Morrison argues the trial court could not be expected to glean from the language of TCHR's objection that there was a potential *Casteel* issue. We disagree. During the charge conference, TCHR argued that the charge lumped TCHR's different actions together, that the case was "really, about retaliation and termination," and that it would not be possible to determine what adverse acts would form the basis of the jury's verdict. This is the problem we identified in *Casteel*–commingling valid and invalid theories of liability in a broad-form question. 22 S.W.3d at 388. This is especially true given that, from the outset of the underlying proceeding, the scope of what adverse personnel actions could form the basis of the suit was a contentious issue. As we have recently stated, *Casteel* error may be preserved without specifically mentioning *Casteel*. *See Thota v. Young*, 366 S.W.3d 678, 691 (Tex. 2012) ("[Appellant] did not have to cite or reference *Casteel* specifically to preserve the right for the appellate court to apply the presumed harm analysis . . . .").

---

[5] Combining different theories for recovery under one question does not necessarily invalidate a charge. *See Tex. Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990) ("Broad-form questions reduce conflicting jury answers, thus reducing appeals and avoiding retrials.").

Morrison also argues TCHR was required to request a correct question or instruction (and that its proposed question was not correct). We disagree. We require only objections, not correct questions, to preserve *Casteel* error. *See, e.g.*, *Romero v. KPH Consol., Inc.*, 166 S.W.3d 212, 228–29 (Tex. 2005). Despite not having the burden to tender a correct question, TCHR submitted a proposed question that would only allow a finding of liability based on Morrison's termination—again indicating to the Court the over-broad nature of the question. We conclude the trial court was sufficiently put on notice and aware of TCHR's objection. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Thota*, 366 S.W.3d at 690 ("[W]e have long favored a common sense application of our procedural rules that serves the purpose of the rules, rather than a technical application that rigidly promotes form over substance.").

Having determined TCHR properly preserved its *Casteel* complaint, we turn to whether the broad-form question on liability allowed a finding on invalid theories, thereby triggering *Casteel's* presumption of harm. Texas Rule of Civil Procedure 277 states that "[i]n all jury cases the court shall, whenever feasible, submit the cause upon broad-form questions," but this does not create an inflexible mandate. *Casteel*, 22 S.W.3d at 388. A broad-form question cannot be used to "put before the jury issues that have no basis in the law or the evidence." *Romero*, 166 S.W.3d at 215. When a jury question contains both valid and invalid theories, "[an] appellate court cannot determine whether the jury based its verdict on an improperly submitted invalid theory," and thus remand for retrial is the only option. *Casteel*, 22 S.W.3d at 388.

TCHR argues that the charge improperly allowed the jury to base liability on Morrison's denied promotion. The denied promotion was not part of Morrison's EEOC claim, which is a

prerequisite to suit against a governmental entity such as TCHR. *See* TEX. GOV'T CODE § 311.034; *In re United Servs. Auto Ass'n*, 307 S.W.3d 299, 308 (Tex. 2010); *Hoffmann-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 446 (Tex. 2004). While evidence of the denied promotion had some relevance in the underlying proceeding, and TCHR concedes as much, it could not properly form the basis for liability. Because the jury question allowed liability for "adverse personnel actions," the jury could have improperly found liability based upon the denied promotion.

Morrison contends, however, that no invalid theory was directly submitted to the jury, and the mere possibility the jury may find liability based on an invalid theory does not constitute harm. However, when a broad-form question allows a finding of liability based on an invalid theory, an appealing party does not have to prove that the jury actually relied on the invalid theory. *Casteel*, 22 S.W.3d at 388. The very characteristic of broad-form submission prevents parties or the Court from knowing for certain what theory the jurors relied upon. Instead, the court must reverse and remand for retrial because the harm occurs when the appellant is unable to properly present its arguments on appeal due to the nature of the question.[6] The harm to TCHR is not that the jury reached the wrong verdict, but rather that TCHR has been prohibited from demonstrating on appeal that the jury's verdict was based upon the invalid legal theory. *See id.* (noting that "it is possible that the jury based [the defendant's] liability solely on one or more of these erroneously submitted

---

[6] *See Casteel*, 22 S.W.3d at 388 ("[W]hen a jury bases a finding of liability on a single broad-form question that commingles invalid theories of liability with valid theories, the appellate court is often unable to determine the effect of this error. . . . To hold this error harmless would allow a defendant to be held liable without a judicial determination that a factfinder actually found that the defendant *should* be held liable on proper, legal grounds.").

theories. At any rate, it is impossible for us to conclude that the jury's answer was not based on one of the improperly submitted theories").[7]

In conclusion, TCHR timely objected to the question at issue, which allowed the jury to find liability based on an invalid legal theory. Therefore, we presume harm. *Id*.; TEX. R. APP. P. 44.1(a), 61.1.[8] Without hearing oral argument, TEX. R. APP. P. 59.1, we reverse the court of appeals' judgment and remand the case to the trial court for a new trial.

**OPINION DELIVERED: August 31, 2012**

---

[7] Morrison also argues that there is sufficient evidence to uphold the verdict against TCHR. We expressly rejected this argument in *Casteel*. 22 S.W.3d at 388. The issue is not the lack of evidence but the inability of TCHR to demonstrate harm caused by the ability of the jury to find liability based on an invalid legal theory.

[8] In light of our disposition, we do not reach TCHR's remaining arguments.