

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| SHELBY DISTRIBUTIONS, INC. D/B/A EXPRESS OFFICE PRODUCTS, | § | |
| | § | No. 08-13-00193-CV |
| Appellant, | § | Appeal from the |
| v. | § | 41st Judicial District Court |
| ALEJANDRO RETA, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2010-2017) |
| | § | |

## **O P I N I O N**

In this retaliatory-discharge case, Shelby Distribution, Inc. d/b/a Express Office Products appeals the trial court's judgment, rendered upon a jury verdict, in favor of Alejandro Reta. In three substantive issues, Shelby complains of error in the jury charge and of the sufficiency of evidence.[1] We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Reta was employed as a sales representative and network administrator by Shelby.

---

[1] In its brief, Shelby identifies four issues for review. Shelby's third issue, however, concerns error preservation, which is procedural rather than substantive. *HealthTronics, Inc. v. Lisa Laser USA, Inc.*, 382 S.W.3d 567, 577 (Tex.App.--Austin 2012, no pet.)("Procedural questions include matters such as preservation of error, the admissibility of evidence, and standards of review.")[Internal citations omitted]. Accordingly, we will address the issue of error preservation, if necessary, in conjunction with our discussion of the concomitant substantive issue.

Approximately ten months after he was hired, Reta injured his hand at work. Reta reported his injury a few days later and requested the issuance of his commission check. Reta's immediate supervisor informed him that Shelby's owner, Julian Grubbs, needed to be consulted on these matters. The next day, Reta was terminated.

Reta claimed he was terminated for seeking workers' compensation benefits and sued Shelby for retaliatory discharge under Chapter 451 of the Texas Labor Code. *See* TEX.LAB.CODE ANN. § 451.001(1)(West 2006). At trial, the contested issues were whether Reta was terminated and, if terminated, whether for reasons not related to his injury.

During the charge conference, the trial court proposed the following question and instruction on liability:

> Did Shelby . . . discharge or discriminate in any manner against . . . Reta because he filed a worker's compensation claim in good faith, or instituted or caused to be instituted a worker's compensation claim in good faith?
>
> **'Instituting or causing to be instituted a worker's compensation proceeding'** includes reporting an injury to Shelby . . . being furnished with medical benefits or receiving weekly compensation benefits.
>
> There may be more than one cause for an employment decision. It is not necessary that the employee show that the sole cause or only cause for his discharge or the discriminatory event was his action in filing or pursuing a worker's compensation claim. Instead, the employee must show only that his action in filing or pursuing a worker's compensation claim was a reason for his discharge or the discrimination event, even if other reasons existed. An employer does not discharge or discriminate against an employee for filing or pursuing a worker's compensation claim if the employer would have made the same decisions when it did even if the employee had not filed or pursued a worker's compensation claim. [Emphasis in orig.].

Counsel for Shelby Distribution raised the following objections:

> In other words, Your Honor, I object to the addition of the phrase 'or discriminate in any manner against' where it appears. In the single-spaced instruction, 'It is not necessary that the employee show that the sole cause or only cause for his discharge

was his action in filing or pursuing a worker's compensation claim.' In that sentence, I object to the language 'or the discriminatory event.'

The next sentence, I'm objecting to the same phrase 'or the discrimination event.' And the sentence after that 'or discriminate against.'

When asked to state the basis for his objection, counsel responded:

Your Honor, I do not believe there's any evidence to support that aspect of the – of the question. The sole event that's been discussed and evidence elicited is the discharge or from the plaintiff's point of view the voluntary termination of Mr. Reta. No other discriminatory event has been identified.

Reta's counsel countered as follows:

Of course, Your Honor. It is basically the same response that I had to the motion for a directed verdict which this Court denied. There are many ways, as you know from having handled these cases, that they discriminate against an employee, in addition to discharging him. One is expressing doubts about his injury, which Mr. Grubbs did to Mr. Bradford, to Mr. Curry, to the workers' compensation insurance folks. It's discriminatory to even come back and start demanding all sorts of information. Even if they didn't terminate him, it's discriminatory in the way they handled Mrs. Zea. It's discriminatory when they start reporting him to the police after he -- all he does is reports a workers' compensation insurance request and gets reported to the police. It's discriminatory when they start accusing him of stealing from the company and on and on and on. I've proved many aspects of discrimination.

The trial court overruled the objection, and the jury answered the question in the affirmative.

## CHARGE ERROR

Shelby's first two substantive issues relate to the liability question submitted to the jury.

As noted above, the trial court charged the jury with the following broad-form question:

Did Shelby . . . discharge or discriminate in any manner against . . . Reta because he filed a worker's compensation claim in good faith, or instituted or caused to be instituted a worker's compensation claim in good faith?

Shelby argues, for two reasons, the trial court's submission of this question constituted harmful error. First, Shelby contends that the question, as submitted, permits the jury to impose liability on alternate theories of recovery that, though phrased in the disjunctive, were not polar opposites

3

and mutually exclusive. Second, Shelby contends that the question, as answered, makes it impossible for anyone to determine whether the jury found Shelby "discharged" Reta or "discriminated" against him. In other words, Shelby is arguing it is unable to present its case on appeal because the submission of a single broad-form question under these circumstances prevents it and us from determining that the liability finding is based on a valid legal theory. In urging this argument, Shelby asserts that "discharge" and "discrimination" constitute separate liability theories and, because at least one of them is invalid, the trial court's charge error is harmful and requires reversal under *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex. 2000) and its progeny. We disagree.

### Broad-Form Question Incorporating Single Theory of Liability

*Casteel* and its progeny stand for the proposition that when the trial court submits a broad-form question incorporating multiple theories on liability or multiple elements on damages, at least one of which is invalid, the error is presumed harmful and a new trial is required because the nature of a broad-form question prevents an appellate court from determining whether the jury's answer is based on an invalidly submitted theory or element. *See Casteel*, 22 S.W.3d at 388-89 (concluding that broad-form liability question incorporating thirteen separate theories of recovery, five of which were legally unavailable, was harmful and a new trial was required because it was impossible to determine if verdict based on invalid theory); *Tex. Comm'n on Human Rights v. Morrison*, 381 S.W.3d 533, 535-36 (Tex. 2012)(per curiam)(concluding *Casteel*'s presumed-harm rule applied to a broad-form liability question asking if appellant took adverse personnel action against appellee because appellee's claim she was denied promotion was an invalid theory given that she had not included that in her complaint filed with the EEOC);

4

*Romero v. KPH Consolidated, Inc.*, 166 S.W.3d 212, 227-28 (Tex. 2005)(concluding *Casteel*'s presumed-harm rule applied to a broad-form question asking who among a hospital, nurse, and two physicians were responsible for patient's injuries because question included a factually-unsupported malicious credentialing claim); *Harris Cnty. v. Smith*, 96 S.W.3d 230, 233-34 (Tex. 2002)(concluding *Casteel*'s presumed-harm is applicable to a broad-form question that commingled valid and invalid elements of damages unsupported by legally sufficient evidence). However, *Casteel*'s presumed-harm rule does not apply to the broad-form liability question submitted to the jury here for the simple reason that the question presented only one theory of liability—retaliatory discrimination against an employee seeking legal redress for his injuries.

The liability question submitted to the jury closely tracks the language of Section 451.001 of the Texas Labor Code, which states in relevant part:

> A person may not discharge or in any other manner discriminate against an employee because the employee has . . . filed a workers' compensation claim in good faith . . . .

TEX.LAB.CODE ANN. § 451.001.

The plain and common meaning of the statute's language prohibits an employer from discriminating against an injured employee seeking legal redress for his injuries. The phrase "discharge or in any other manner discriminate against" makes clear that the types of discrimination prohibited by the statute are discharge and ***any other manner of discrimination***. The first type of prohibited discriminatory behavior identified in the statute—discharge—is a classic example of a tangible employment action. *See Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 761, 118 S.Ct. 2257, 2268, 141 L.Ed.2d 633 (1998)("A tangible employment action

5

constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."). The second type of prohibited discriminatory action—any other manner of discrimination—is not expressly limited to tangible employment actions, though there is no reason why it could not encompass other tangible employment actions such as failing to promote, *etc*. The statute does not identify the types of conduct that constitute discrimination, and the absence of such a definition indicates that the prohibition on "any other manner of discrimination" is a broad, general bar on discrimination. By using capacious language, the statute expresses the intent to prohibit retaliatory discrimination in any form, be it tangible personnel action or some other discriminatory conduct.

This textual interpretation comports with the Legislature's express purpose for enacting Article 8307c of the Texas Revised Civil Statutes, the statutory predecessor to Section 451.001 of the Texas Labor Code.[2] The Legislature enacted Article 8307c in 1971 to protect "persons who file a claim or hire an attorney or aid in filing a claim or testify at hearings concerning a claim under the Texas Workmen's Compensation Act," because those persons "are alleged to be often fired or discriminated against by employers for such claims." *See* Act of April 22, 1971, 62d Leg., R.S., ch. 115, 1971 TEX.GEN.LAWS 884; HOUSE COMM. ON JUDICIARY, BILL ANALYSIS, Tex. H.B. 113, 62d Leg., R.S. (1971); *see also Carnation Co. v. Borner*, 610 S.W.2d 450, 453 (Tex. 1980)("The Legislature's purpose in enacting article 8307c was to protect persons who are entitled to benefits under the Worker's Compensation Law and to prevent them from being discharged by

---

[2] Effective Sept. 1, 1993, the substance of Article 8307c of the Texas Revised Civil Statutes later became Section 451.001 of the Texas Labor Code. *See City of LaPorte v. Barfield*, 898 S.W.2d 288, 293 (Tex. 1995)("The provision [Article 8307c] has never been amended but has since been recodified without substantive change as sections 451.001-.003 of the Texas Labor Code.").

reason of taking steps to collect such benefits.").

The broad-form liability question submitted to the jury likewise closely tracks the language suggested by the Texas Pattern Jury Charge in this type of case:

> Did *Don Davis* [*discharge or (describe other discriminatory action)*] *Paul Payne* because *he* [*filed a worker's compensation claim in good faith . . .*]?

COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES—BUSINESS, CONSUMER; INSURANCE & EMPLOYMENT PJC 107.5 (2012)[Italics, brackets, and parentheses in original]. Although the Texas Pattern Jury Charges are not "law," they are heavily relied upon by bench and bar and based on what the State Bar Committee perceives the present law to be. *THI of Tex. at Lubbock I, LLC v. Perea*, 329 S.W.3d 548, 569 (Tex.App.--Amarillo 2010, pet. denied)[Citations and quotation marks omitted].

Shelby argues the submission of single broad-form question in the disjunctive involves *Casteel* error when the "either/or" scenarios are not "true opposites" that are "mutually exclusive" because that type of question prevents "the parties and the appellate courts from being able to determine exactly what the jury found." In support of this argument, Shelby cites *Schrock v. Sisco*, 229 SW.3d 392 (Tex.App.--Eastland 2007, no pet.), and *Iron Mountain Bison Ranch, Inc. v. Easley Trailer Mfg., Inc.*, 42 S.W.3d 149 (Tex.App.--Amarillo 2000, no pet.). Shelby's reliance on these cases is misplaced. In both *Schrock* and *Iron Mountain*, the charges contained single broad-form damages questions incorporating both valid and invalid theories of liability. *See Schrock*, 229 S.W.3d at 393, 394; *Iron Mountain*, 42 S.W.3d at 154-55, 156-57. Because the damages questions combined valid and invalid theories of recovery and the appellate courts were unable to discern if the juries based their verdicts on the improper theories, they applied *Casteel*'s presumed-harm rule. *See Schrock*, 229 S.W.3d at 394, 396; *Iron Mountain*, 42 S.W.3d at 156-57.

Here, unlike *Schrock* and *Iron Mountain*, the charge contains a single broad-form liability question incorporating one single theory of liability, not multiple theories of liability, some valid and some invalid. Further, the trial court did not instruct the jury to consider or to not consider any specific act of discrimination, nor did Shelby request an instruction that the jury not consider any specific acts in determining whether it was liable under Section 451.001 of the Labor Code. Because the liability question submitted only a single theory of liability and the trial court did not otherwise instruct the jury to consider erroneous matters, the trial court did not err by submitting an invalid theory of liability as asserted by Shelby. *See Powell Elec. Sys., Inc. v. Hewlett Packard Co.*, 356 S.W.3d 113, 123-24 (Tex.App.--Houston [1st Dist.] 2011, no pet.)(concluding that *Casteel* did not apply because the liability questions submitted only a single theory of liability even though each was supported by several factual bases); *Columbia Med. Ctr. of Las Colinas v. Bush ex rel. Bush*, 122 S.W.3d 835, 859 (Tex.App.--Fort Worth 2003, pet. denied)(same).

## Waiver of Complaint Concerning Omission of "Discrimination" Definition

Shelby next argues "The Trial Court's Failure to Define or Limit the 'Discrimination' Theory Also Presents Reversible Error Under *Casteel*." We disagree.

To the extent Shelby contends the trial court erred by failing to instruct the jury on the "discrimination" theory, Shelby neither requested such a supplemental instruction nor tendered a substantially correct instruction to the trial court. By failing to do so, Shelby has not preserved its complaint for appellate review. *See* TEX.R.CIV.P. 278 ("Failure to submit a definition or instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or instruction has been requested in writing and tendered by the party complaining of the judgment."); *Gerdes v. Kennamer*, 155 S.W.3d 523, 534 (Tex.App.--Corpus Christi 2004, pet.

8

denied)("Where the complaint is that the trial court failed to submit a particular definition or instruction, the complaining party must have presented a written request for its inclusion, tendering the proposed definition or instruction in substantially correct wording."); *see also* TEX.R.APP.P. 33.1(a)(providing that, to preserve a complaint for appellate review, the complaining party must have made a timely and sufficiently specific request, objection, or motion in the trial court).

Shelby counters it did not need to object to the trial court's failure to instruct the jury on "discrimination" because "Rule 278 does not apply to an appellant who believes that another party's proposed question, instruction, or definition should be omitted entirely from the jury charge." In support of this argument, Shelby cites *Turner v. Precision Surgical, L.L.C.*, 274 S.W.3d 245 (Tex.App.--Houston [1st Dist.] 2008, no pet.). *Turner* is inapposite, however.

*Turner* stands for the proposition that the preservation requirements of Rule 278 of the Texas Rules of Civil Procedure apply when a party complains of an omission of its requested instruction, but not when a party argues that another party's proposed instruction should be omitted entirely. 274 S.W.3d at 248 n.2. According to Shelby, "[u]nder *Turner*, [its] no-evidence objection to the submission of the discrimination claim to the jury is a complaint that the discrimination theory should not go to the jury in the first place." However, that is not the complaint raised by Shelby on appeal. Rather, Shelby complains of "The Trial Court's Failure to Define or Limit the 'Discrimination' Theory." In other words, Shelby is complaining of the omission from the charge of an instruction defining the term "discrimination." Because Reta did not propose that such an instruction be given, Shelby was required to submit to the trial court a proposed, written instruction defining the term "discrimination" to preserve its complaint for

9

appellate review. Shelby did not do so, and Shelby's no-evidence objection was insufficient to alert the trial court that the term "discrimination" needed to be defined.

Shelby argues it was not required to request a correct question or instruction on the "discrimination theory" to preserve its complaint that the jury charge improperly allowed the jury to base liability on that allegedly invalid theory, we agree. *See Morrison*, 381 S.W.3d at 536 ("We require only objections, not correct questions, to preserve *Casteel* error."). However, we have already addressed, and disposed of, Shelby's *Casteel* complaint.[3]

For the reasons discussed above, Shelby has not shown the trial court abused its discretion in charging the jury.[4] Accordingly, Shelby's first, second, and third issues are overruled.

## SUFFICIENCY OF THE EVIDENCE

---

[3] The parties—in post-submission briefing filed shortly after oral argument—continue to argue whether *Casteel*'s presumed-harm rule applies in this case. Although both parties neither sought nor received leave of Court to file their letter briefs, we may permit a party to amend or supplement a brief "whenever justice requires." TEX.R.APP.P. 38.7; *see also Standard Fruit & Vegetable Co., Inc. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998)(appellate court has discretion whether to allow filing of amended or supplemental brief in interest of justice). Because the parties do not raise any new issues or arguments in their post-submission briefing and because neither party has moved to strike the opposing party's post-submission briefing, we allow them to file their respective post-submission briefing.

[4] The standard of review for charge error in this type of case is abuse of discretion. *See Thota v. Young*, 366 S.W.3d 678, 686-87 (Tex. 2012)(reviewing trial court's submission of broad-form liability question and instruction on new and independent cause for abuse of discretion). Shelby proposes we employ *de novo* review in this case "because Shelby's complaint on appeal is that the trial court did not properly submit the controlling issues to the jury that govern liability under Chapter 451 of the Texas Labor Code." In support of this proposition, Shelby cites *De Leon v. Furr's Supermarkets, Inc.*, 31 S.W.3d 297 (Tex.App.--El Paso 2000, no pet.). In that case, we recognized that charge error is reviewed for an abuse of discretion, but whether a charge submits the controlling issues in a case, in terms of proper theories of recovery or defense, is reviewed *de novo*. *Id*. at 300. A controlling issue is one which requires a factual determination to render judgment in the case. *Employers Casualty Co. v. Block*, 744 S.W.2d 940, 944 (Tex. 1988) (op. on reh'g). All parties are entitled to have controlling issues, raised by the pleadings and evidence, submitted to the jury. *Brown v. Goldstein*, 685 S.W.2d 640, 641 (Tex. 1985).

Here, the controlling issue, the only issue that would authorize a recovery, was whether Shelby discriminated against Reta—either by discharging him or discriminating against him in some other manner—for seeking worker's compensation benefits. This was precisely the single issue that the trial court chose to submit to the jury. Shelby does not explain how the jury question actually submitted failed to address that issue, nor does Shelby identify the controlling issue it contends should have been submitted to the jury. Accordingly, we are not swayed by Shelby's argument that we are required to employ a *de novo* standard to review the trial court's charge in this case.

In its fourth and final issue, Shelby asserts the evidence is legally and factually insufficient to support a finding that it discriminated in any manner against Reta because "Reta's case was always premised on an alleged 'discharge.'" We need not address the merits of this issue because Shelby waived it due to inadequate briefing.

To present an issue for appeal, an appellant's brief must contain, among other things, clear and concise argument for its contentions with appropriate citations to authorities and the record. *See* TEX.R.APP.P. 38.1(i). Appellate courts must construe the Texas Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to enforce the rules. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *see* TEX.R.APP.P. 38.9. However, an issue on appeal that is not supported by argument or citation to legal authority presents nothing for the court to review. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994); *J.C. Gen. Contractors v. Chavez*, 421 S.W.3d 678, 681 (Tex.App.--El Paso 2014, pet. filed). When a party fails to brief a complaint adequately, it waives the issue on appeal. *Chavez*, 421 S.W.3d at 681.

Shelby's entire "argument" on its issue consists of two paragraphs in its brief.[5] Nowhere in these paragraphs does Shelby set out the appropriate standard of review for either a legal or factual sufficiency point. Other than asserting that Reta's case was solely about wrongful termination, Shelby cites no authority and makes no substantive argument in support of its issue. Shelby does not discuss and analyze the evidence in accordance with relevant case law and standard of review. Accordingly, Shelby has failed to adequately explain how the evidence is

---

[5] To be fair, Shelby expounds upon its argument in its reply brief. However, all but two paragraphs are devoted to advancing Shelby's *Casteel* argument. In these two paragraphs, Shelby provides some argument why "Shelby's communications to the workers' compensation carrier and Shelby's alleged questioning of Reta's character is not discrimination." However, Shelby cites no authority in support of its argument, nor explains how Reta's evidence is legally and factually insufficient. As is discussed below, these deficiencies render the issue inadequately briefed.

11

legally and factually insufficient and why the jury could not have found in favor of Reta. Moreover, we are under no obligation to make Shelby's arguments for it. *Chavez*, 421 S.W.3d at 681. Because Shelby's fourth issue is inadequately briefed, it presents nothing for our review. *See Fredonia State Bank*, 881 S.W.2d at 284; *Chavez*, 421 S.W.3d at 681; TEX.R.APP.P. 38.1(i).

Shelby's fourth issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


July 9, 2014

YVONNE T. RODRIGUEZ, Justice

Before Rodriguez, J., Barajas, S.J., and Chew, S.J.
Barajas, Senior Judge (Sitting by Assignment)
Chew, Senior Judge (Sitting by Assignment)