ACCEPTED
15-25-00054-cv
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/22/2025 4:48 PM
CHRISTOPHER A. PRINE
CLERK

**NO. 15-25-00054-CV**

# IN THE FIFTEENTH COURT OF APPEALS
# AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/22/2025 4:48:02 PM
CHRISTOPHER A. PRINE
Clerk

## JOHANNES B. MASSAR,
### Appellant

### v.

## PEGASUS PAIN MANAGEMENT, PLLC,
### Appellee

**On Appeal from the County Court at Law No. 2
Dallas County, Texas**

## REPLY BRIEF OF APPELLANT

Raymond R. Fernandez, Jr.
State Bar No. 06934275
rfernandez@fernandezllp.com
Robert L. Knebel, Jr.
State Bar No. 11589500
rknebel@fernandezllp.com
FERNANDEZ LLP
2515 McKinney Avenue, Suite 920
Dallas, Texas 75201
Telephone: (214) 231-2700

## ATTORNEYS FOR APPELLANT

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................i

TABLE OF AUTHORITIES .................................................................................................ii

SUMMARY ............................................................................................................................. 1

ARGUMENT ........................................................................................................................... 4

I.      The evidence presented at trial was legally insufficient to support
Pegasus' breach of contract claim ............................................................................. 4

      Pegasus did not satisfy conditions precedent ......................................................... 5

      The issue of satisfaction of conditions precedent was tried by consent .............. 5

      Massar is excused from performance under the Letter of Protection ................. 8

II.     The interpleader discharged Massar of further liability ....................................... 11

      Massar satisfied all requirements of an interpleader ............................................ 12

      Massar should have been discharged from further liability ................................ 13

III.    There is insufficient evidence to support an award for Promissory Estoppel ... 13

IV.    The award of $15,990 in actual damages is not supported by the evidence ....... 15

V.     Massar's principal brief complies with Tex. R. App. P. 38.1(i) ........................... 16

CONCLUSION ....................................................................................................................... 16

# TABLE OF AUTHORITIES

## Cases

*Arthur Anderson v. Perry Equipment Corp.*
        945 S.W.2d 812, 817 (Tex. 1997) ................................................................ 15

*Cain v. Bain*
        709 S.W.2d 175, 176 (Tex. 1986) ............................................................... 15

*Centex Corp. v. Dalton,*
        840 S.W.2d 952, 956 (Tex. 1992). .............................................................. 10

*Croucher v. Croucher,*
        660 S.W.2d 55, 58 (Tex. 1983) ................................................................... 14

*Emerson Elec. Co. v. Am. Permanent Ware Co.,*
        201 S.W.3d 301, 309 (Tex. App. - Dallas 2006, no pet.) ........................................ 6

*Guaranty Bank v. Lone Star Life Insurance Company,*
568 S.W.2d 431, 434 (Tex. Civ. App. – Dallas 1978 writ ref'd n.r.e.) ........................... 14

*Hohenberg Bros. Co. v. George E. Gibbons & Co.,*
        537 S.W.2d 1, 3 (Tex. 1976) ....................................................................... 5

*Ingram v. Deere,*
        288 S.W.3d 886, 893 (Tex. 2009) ............................................................... 8

*In Re A.E.,*
        580 S.W.3d 211, 218 (Tex. App. – Tyler 2019, pet. denied) ............................... 17

*In Re Meadors,*
        968 S.W.2d 346, 350 (Tex. 1998) (orig. proceeding) ..................................... 9

*Polland & Cook v. Lehman,*
        832 S.W.2d 729, 736 (Tex. App. – Houston [1st Dist.] 1992, writ denied) ........ 10

*Qaddura v. Indo-European Foods, Inc.,*
        141 S.W.3d 882, 888-889 (Tex. App. - Dallas 2004, pet. denied) ...................... 15

*Republic Underwriters Ins. Co. v. Mex–Tex, Inc.,*
  150 S.W.3d 423, 427 (Tex. 2004). ............................................................ 16

*Roark v. Stallworth Oil & Gas, Inc.,*
  813 S.W.2d 492, 495 (Tex. 1991) ............................................................ 8

*San Saba Energy, LP v. Crawford,*
  171 S.W.3d 323, 338 (Tex. App. – Houston [14th Dist.] 2005, no pet.) ............. 16

*Shelby Distributions, Inc.v. Reta,*
  441 S.W.3d 715, 722-23 (Tex. App. – El Paso 2014, no pet.) ........................... 16

*Simpson v. M Bank*
  724 S/W/2d 102, 108 (Tex. App. – Dallas 1987, writ ref'd n.r.e.) ..................... 14

*Stable Energy, L.P. v. Kachina Oil & Gas, Inc.,*
  52 S.W.3d 327, 336 (Tex. App. – Austin 2001) ....................................... 14

*State Farm Life Ins. Co. v. Martinez,*
  216 S.W.3d 799, 807 (Tex. 2007) ........................................................... 13

*Traco, Inc. v. Arrow Glass Co., Inc.,*
  814 S.W.2d 186, 190 (Tex. Civ App. – San Antonio 1991, writ denied) ........... 14

*Volkswagen of Am., Inc. v. Ramirez,*
  159 S.W.3d 897, 903 (Tex. 2004) ..................................................... 4, 8

## STATUTES, RULES AND OTHER AUTHORITIES

Tex. R. App. P. 38.1(i). ................................................................................... 2

Tex. R. App. P. 38.9. ..................................................................................... 16

Tex. R. Civ. P. 54 ....................................................................................... 5, 8

Tex. R. Civ. P. 67 ........................................................................................... 8

The Professional Ethics Committee for The State Bar of Texas,
Opinion 681 (September 2018). ....................................................................... 9

**SUMMARY**

There is generally agreement between the parties regarding the facts of the case. Massar represented Paulson in connection with an automobile accident. The dispute between Massar and Pegasus ignited on October 26, 2021 when Massar contacted counsel for Pegasus to inform him that Paulson denied Pegasus performed the epidural treatment listed on its invoice and requested Paulson's signed authorization.

| | |
|---|---|
| **From:** | Johannes Massar <hans.massar@att.net> |
| **Sent:** | Thursday, October 28, 2021 12:32 PM |
| **To:** | Mark Ticer |
| **Subject:** | Re: Outstanding Balance for Ronald Paulson from Pegasus Pain Management |

Mr. Ticer,

As discussed earlier I am still trying to get authorization from my client to pay the $8,000 which has been the cause in delay. My client continues to maintain that he was not provided the actual treatment on 4/2/18 as I expressed to your client in our initial telephone conference some time ago. I still have the $8,000 in my trust account and will not release any of these funds to my client until this issue is resolved. I hope you understand my dilemma when I have a client who disputes the charges. If you can forward the authorization that my client signed for his treatment, I can show that to my client. I will continue to try and resolve this for all parties involved. If you wish to discuss this matter further, please call me.

Thanks,
Hans

At that time, Pegasus could have resolved the dispute with Paulson by simply providing the requested authorization. Instead, Pegasus refused to provide any information or speak with Massar. Pegasus elected to sue Massar and Paulson. Massar terminated his representation of Paulson due to a conflict of interest, ultimately filed an interpleader, and deposited the funds from his trust account into the Court. The funds still remain in the registry of the Court.

Massar responds to the argument contained in Pegasus' Appellee Brief as follows:

1.     There is no waiver of Massar's argument on appeal due to inadequate briefing. Massar's principal brief complies with Tex. R. App. P. 38.1(i) and contains citations to caselaw and the record to fully support the arguments presented in the brief.

2.     Pegasus argues Massar did not properly plead failure of conditions precedent as a defense to the contract claim. The issue of satisfaction of the conditions was tried without objection by Pegasus. Unpleaded claims or defenses that are tried by consent of the parties are treated as if they had been raised by the pleadings.

Massar contends the evidence is legally and factually insufficient to support a finding that he breached the contract. Pegasus did not meet its burden to establish Massar breached the contract.

a.     The Letter of Protection protects payment to Pegasus for reasonable and necessary expenses subject to certain conditions precedent. Pegasus failed to provide Massar the documentation required to verify Paulson received the epidural procedure. If the procedure was not actually performed the expense billed would not be reasonable or necessary. After commencement Massar filed an interpleader depositing the funds into the Court.

2

b. Pegasus did not satisfy the conditions precedent required for payment. Pegasus did not provide the final narrative report or the patient's authorization/consent.

c. Massar was also excused from paying Pegasus because of his client's direct instruction not to disburse settlement funds to Pegasus from his IOLTA account. The Texas Disciplinary Rules of Professional Conduct prohibited Massar from making the disbursement against his client's instruction.

3. Pegasus agreed to a reduction of its invoice from $15,990 to $8,000. Massar retained the funds in his IOLTA account, filed an interpleader due to his client's dispute over whether he actually received the procedure and paid the $8,000 into the court. The evidence is legally and factually insufficient to support the award of $15,990 to Pegasus.

4. Pegasus argues Massar did not satisfy the requirements for an interpleader and that he is not entitled to a discharge of liability. Massar was a stakeholder that disclaimed any interest in the funds, filed an interpleader and unconditionally deposited the disputed funds into the registry of the court. At that time, Massar should have been discharged from any liability.

5 Pegasus argues that Massar inadequately briefed and waived his challenge to the sufficiency of the promissory estoppel judgment. Massar's principal brief establishes that the judgment for promissory estoppel is improper because a contract exists between Massar and Pegasus governing the conditions and terms of

3

payment between them regarding Paulson's medical treatment. There is no evidence of any promise by Massar to Pegasus outside of the Letter of Protection.

<h1 style="text-align:center"><u>ARGUMENT</u></h1>

**I.  The evidence presented at trial was legally insufficient to support Pegasus' breach of contract claim.**

There is no dispute the Letter of Protection is the contract between Massar and Pegasus. Pegasus contends that Massar breached his contract with Pegasus because (i) Massar failed to plead failure of conditions precedent as a defense; (ii) Pegasus satisfied all conditions precedent for payment; and (iii) neither Paulson nor ethical rules prevented Massar from paying Pegasus.

The evidence is legally insufficient to support Pegasus performed its obligations under the contract. A challenge to the legal sufficiency of the evidence is sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively established the opposite of the vital fact. *Volkswagen of Am., Inc. v. Ramirez,* 159 S.W.3d 897, 903 (Tex.2004).

Paulson informed Massar that the large majority of the fees charged by Pegasus ($10,279 of $15,590) were for a procedure he did not receive. [RR: Vol. 3 p. 15 line 21 – 25; p. 26 line 25 – p. 27 line 7; p. 39 lines 1 - 12]. The parties to the dispute over the performance of the epidural procedure were Paulson and Pegasus. Massar retained the

4

disputed funds in his trust account until interpleading the funds into the court. [RR: Vol. 3, p/ 27, lines 15-18].

**Pegasus did not satisfy the conditions precedent**

Pegasus did not provide Massar the authorization/consent signed by Paulson, the x-rays or final narrative reports for the disputed procedure until it produced the records in discovery after Pegasus commenced litigation. [RR: Vol. 3 p. 43, line 6 – p. 45, line 11].

Pegasus' right to enforce the contract did not accrue until it established the expenses charged were reasonable and necessary and delivered to Massar the medical documentation listed in the Letter of Protection. *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex. 1976). The evidence at trial was legally insufficient to support the judgment for breach of contract.

**The issue of satisfaction of conditions precedent was tried by Consent**

Pegasus asserts that failure of conditions precedent does not exist as a defense to payment because Massar did not deny Pegasus' pleading of compliance with conditions precedent pursuant to Rule 54. [Appellee Brief p. 23]. While Massar included an affirmative defense that conditions precedent were not satisfied, Massar did not specifically identify the failed occurrence of any conditions precedent.

A party's unpleaded issue may be deemed tried by consent when evidence on that issue is developed under circumstances indicating that the parties understood the issue was in the case and the other party fails to make an appropriate complaint. Tex.

R. Civ. P. 67; *Emerson Elec. Co. v. Am. Permanent Ware Co.,* 201 S.W.3d 301, 309 (Tex. App.-Dallas 2006, no pet.). To determine whether an issue was tried by consent, the reviewing court must examine the record for evidence of trial of the issue. *Id.*

The Pegasus' satisfaction of conditions for payment issue was front and center during this trial. Pegasus raised the issue of conditions precedent:

> Q.    [Mr. Ticer]   It says this letter is contingent -- or the LOP is contingent on receiving certain items. Do you see those?
> A.    [Massar] Correct.
> Q.    You received every one of those items from Pegasus, did you not?
> A.    Some documents we didn't get until after we were in litigation from your  office.

[RR. Vol. 2, p. 124, lines 12-19]

The Court directly asked Massar if he received the documentation that was a condition precedent to payment.

> THE COURT:    Hang on. Let's just make sure we're clear on the record. The e-mail that he sent you says your client signed the consent form. They have photos in the course of the procedure.
>
> THE WITNESS:    Correct.
>
> THE COURT:    So the question is then did you say, Mr. Ticer, please send me those things so I can talk to my client about them?
>
> THE WITNESS:    I think we have another letter where I'm requesting that information, the x-ray and the reports so I can show that to my client so we can get it resolved. And I just need to see where that letter is.

[RR: Vol. 3 p.43 lines 6-19].

Massar sent an email to Mr. Ticer requesting the documentation that

memorializes Paulson received the procedure.  [E-mail correspondence dated October 28, 2021Appendix D to Appellant's Brief, RR: Vol. 4 PX 45].

The trial court continued its inquiry into the timing of Massar's receipt of the medical documentation.

MR. TICER:      I mean I don't think there's any dispute he got -- he got the pictures and he got the consent form. Those were sent to him.
THE COURT:      Well, let me ask him. Did you receive those then in response to that e-mail?
MR. TICER:      He got them.
THE COURT:      Hang on. Let him answer the question.
MR. TICER:      But in fairness to Mr.Massar, the date was  --
THE COURT:      I know.
MR. TICER: --   3/31 as opposed to 4/2.
THE COURT:      But the consent form wasn't. Because I looked at it yesterday, the consent form has the correct date on it. So there may have been a question about the dating on the x-ray or the radiology but the consent form was there. So I guess the question is did you then receive that, or you're denying you received that from Mr. Ticer prior to the lawsuit?
THE WITNESS:    I did not receive it prior to the lawsuit. I got it afterwards.
THE COURT:      Do you know when you got it afterwards?
THE WITNESS [Massar]: Probably through  discovery, two months afterwards.
THE COURT:      Okay.
[RR: Vol. 3, p. 44 line 10 – p. 45 line 11].

There is no evidence that Massar received the authorization/consent for the procedure or all of the requisite medical documentation prior to the commencement of the lawsuit.

When evidence is presented on an issue and the issue is developed during trial without objection, any defects in the pleadings are cured at trial, and the

7

defects are waived. Even issues excused from proof by the operation of Rule 54 may be tried by consent. Unpleaded claims or defenses that are tried by implied consent of the parties are treated as if they had been raised by the pleadings. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991); Tex. R. Civ. P. 67.

As the questioning by the trial judge illustrates, the issue of conditions precedent was tried by consent, and Pegasus cannot now object to the failure of Massar to specifically deny it in his responsive pleadings. Since Pegasus failed to raise the lack of pleading on the issue and actually elicited the testimony on the topic of conditions precedent, Pegasus initiated the trial of the issue of satisfaction of conditions precedent. As such, Pegasus may not raise the pleading deficiency for the first time on appeal. *Roark*, 813 S.W.2d at 495; *Ingram v. Deere*, 288 S.W.3d 886, 893 (Tex. 2009).

The complete absence of evidence of a vital fact, such as failure to introduce evidence of all conditions precedent will uphold the challenge to the legal sufficiency of the judgment. *Volkswagen of Am., Inc. v. Ramirez,* 159 S.W.3d 897, 903 (Tex.2004).

**Massar is excused from performance under the Letter of Protection**

Pegasus argues that neither Paulson nor ethical rules prevented Massar from paying Pegasus. Paulson informed Massar that the large majority of the fees charged by Pegasus ($10,279 of $15,590) were for a procedure he did not receive. [RR: Vol. 3 p. 15 line 21 – 25; p. 26 line 25 – p. 27 line 7; p. 39 lines 1 - 12].

In its brief, Pegasus incorrectly asserts that Massar did not comply with the

guidance provided by the Professional Ethics Committee for the State Bar of Texas in Opinion 681. The evidence demonstrates that Massar complied with the guidance set forth in the Opinion.

There is no dispute that,

a.  Massar held the settlement funds in his IOLTA account [RR: Vol. 3, p. 27 lines 15-18];

b.  Pegasus possessed an interest in the funds pursuant to the Letter of Protection [Letter of Protection, Appendix B. RR: Vol. 4, DX 01];

c.  Paulson informed Massar that he did not receive the major procedure invoiced by Pegasus that constituted two thirds of the billing charges [RR: Vol 3, p. 80, lines 5-10; p. 15 lines 9-14 and lines 21-25; p. 26 line 25-p. 27, line 7; RR: Vol 4, DX 04].; and

d.  Massar filed an interpleader and transferred the funds from his IOLTA account to the registry of the Court [Appendix E, CR: 12-16], [Appendix F, CR: 17].

The undisputed facts demonstrate that Massar's actions were in full compliance with the guidance from the Opinion.

Pegasus cites to two cases in support of its contention that a court is not required to follow the guidance contained in Opinion 681. Pegasus references *In Re Meadors*, 968 S.W.2d 346, 350 (Tex. 1998) (orig. proceeding) *Meadors* is an appeal to a mandamus action involving disqualification of counsel. The court ruled that the disciplinary rules are only guidelines for disqualification but that a court may disqualify an attorney even though he or she did not violate a disciplinary rule.

Massar acknowledges that the disciplinary rules and ethics opinion apply directly to him but are not controlling law in an independent civil proceeding. Instead, Massar asserts that these rules provide an expression of public policy so that contract performance that violates the rules may be excused as against public policy. *Polland & Cook v. Lehman*, 832 S.W.2d 729, 736 (Tex. App. – Houston [1st Dist] 1992, writ denied). Massar correctly did not send payment out of his IOLTA account to Pegasus contrary to the instruction from his client that Pegasaus billed for services not provided to him. Doing so would have been a breach of his ethical obligations to his client. Massar acted properly by contacting Pegasus and requesting a dialogue and documentation to support the billing. [E-mail correspondence, Appendix D, RR: Vol. 4, PX 39, 40, 41, 43, 45]. Pegasus would not pick up the phone or discuss the issue and did not provide the documentation requested until its production in response to written discovery after the commencement of litigation.

Massar was excused from his performance because the Texas Disciplinary Rules of Professional Conduct prohibited him from disbursing funds from his IOLTA account against the instruction of his client. *Centex Corp. v. Dalton*, 840 S.W.2d 952, 956 (Tex. 1992). In *Centex*, the Texas Supreme Court excused performance of obligation to pay a finder's fee under a contract when payment of such a fee was illegal pursuant to an agency ruling. *Id.* The judgment of the trial court awarding recovery to Pegasus on its breach of contract claim should be reversed and judgment rendered in favor of Massar.

## II. The interpleader discharged Massar of further liability

The record is clear that Massar filed an interpleader and deposited the funds with the court. The court properly accepted the funds by its May 7, 2023 Order. [CC: 17]. Pegasus incorrectly states "neither the clerk's record nor the docket sheet reflects that Massar ever interpled any funds." Appellee Brief p. 32. As shown below, the clerk's record clearly reflects the $8,000 in the Court's balance

| DATE | FINANCIAL INFORMATION | |
|---|---|---|
| | **DEFENDANT** MASSAR, JOHANNES B. | |
| | Total Charges | 160.00 |
| | Total Payments and Credits | 160.00 |
| | **Balance Due as of 03/24/2025** | **0.00** |
| | | |
| | **PLAINTIFF** PEGASUS PAIN MANAGEMENT. PLLC | |
| | Total Charges | 446.00 |
| | Total Payments and Credits | 446.00 |
| | **Balance Due as of 03/24/2025** | **0.00** |
| | | |
| | **DEFENDANT** MASSAR, JOHANNES B. | |
| | CIVIL RESTRICTED DEPOSIT Balance as of 03/24/2025 | **8,000.00** |

[CR: 89]

In his principal brief, Massar addresses the trial court's failure to dispose of the funds held by the court. Pegasus argues that Massar failed to challenge the judgment in the trial court resulting in a waiver of his complaint that the trial court failed to award or disburse the interpled funds. This contention ignores a jurisdictional issue that requires a final judgment to determine the rights of all parties and dispose of all issues in the case. If the judgment does not dispose of all issues and parties, there is no final judgment. The February 21, 2025 Final Judgment does not purport to dispose of the $8,000 that Massar interpleaded into the court. [CC: 67-68].

**Massar satisfied all requirements of an interpleader**

Pegasus summarily argues that Massar did not satisfy the requirements necessary for interpleader. [Appellee's Brief p. 33-35]. It appears that Pegasus is challenging the propriety of the trial court's May 7, 2023 Order granting the interpleader. [CC: 17]. The argument does not identify how this court should review the trial court's grant of the interpleader or what standard of review should be applied in the review. Pegasus also does not address its failure to file an opposition or objection to Massar's interpleader in the trial court.

Pegasus argues Massar did not satisfy the required elements of interpleader because (i) Massar was responsible for the lawsuit; (ii) there were no rival claims to the funds; and (iii) the was delay in interpleading the funds. [Appellee Brief p. 34-35].

Massar clearly satisfied all required elements of interpleader. The argument that Massar was responsible for the lawsuit is without merit. The lawsuit arose because Paulson instructed Massar to withhold payment because Pegasus invoiced for services that they did not render. [RR: Vol. 3 p. 15 line 21 – 25; p. 26 line 25 – p. 27 line 7; p. 39 lines 1 - 12].

Further, there is no merit to Pegasus' contention that there were not rival claims to the funds. In fact, Pegasus and Paulson were adversaries in this lawsuit. Paulson testified at his deposition in 2022 that he did not receive the procedure. Although Pegasus now contends there was no issue about Paulson receiving the

procedure, at trial Pegasus called two witnesses and elicited seventy pages of testimony to establish it performed the medical procedure. [RR: Vol 2, p22 – 92].

Finally, Pegasus ignores the caselaw cited in Massar's brief stating that delay does not affect the acceptance of an interpleader. *State Farm Life Ins. Co. v. Martinez,* 216 S.W.3d 799, 807 (Tex. 2007) (citations omitted).

**Massar should have been discharged from further liability**

Pegasus states, "Because Massar failed to satisfy all interpleader elements, Massar was not entitled to discharge." [Appellee Brief p. 35-36]. As stated above and analyzed at length in Massar's principal brief, Massar complied with the required elements of interpleader. Pegasus makes no effort to challenge or distinguish the authorities cited in Massar's brief establishing that Massar should have been discharged from further liability upon his deposit of the funds into the court. [Appellant's Brief, p. 30-31]. The trial court improperly failed to discharge Massar from further liability.

**III. There is insufficient evidence to support an award for Promissory Estoppel**

Pegasus argues that its acceptance of the proposed reduction of its invoice contained in the December 2, 2021 constitutes an independent promise by Massar's promise to pay $8,000. This argument is not supported by law or fact.

In the December 2, 2021 email, Massar requests Pegasus to reduce its invoice of $15,999 to $8,000. All evidence presented is consistent that the proposed reduction is to invoices submitted under the Letter of Protection. If an alleged promise is part of

a valid contract, the promise cannot disregard the contract and sue for reliance damages under the doctrine of promissory estoppel. *Guaranty Bank v. Lone Star Life Insurance Company*, 568 S.W.2d 431, 434 (Tex. Civ. App. – Dallas 1978 writ ref'd n.r.e.); *Stable Energy, L.P. v. Kachina Oil & Gas, Inc.*, 52 S.W.3d 327, 336 (Tex. App. – Austin 2001). The December 2, 2021 email is not an independent promise outside the existing contract. There is no evidence of an actual promise to support promissory estoppel. *Stable Energy, L.P. v. Kachina Oil & Gas, Inc.*, 52 S.W.3d 327, 336.

Pegasus cites *Traco, Inc. v. Arrow Glass Co.*, Inc., 814 S.W.2d 186, 190 (Tex. Civ App. – San Antonio 1991, writ denied) in support of its argument that the December 2, 2021 email "checks all the boxes for promissory estoppel." [Appellee Brief p. 39]. *Traco* states that under Texas law, the basic requirements of a promissory estoppel claim are: "(1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment. Further, the court in *Traco* recognizes that estoppel requires a reasonable or justified reliance on the statement of the person sought to be estopped by the person seeking the benefit of the doctrine. *Traco* at 190 citing *Simpson v. M Bank*, 724 S.W.2d 102, 108 (Tex. App. – Dallas 1987, writ ref'd n.r.e.).

Massar asserts there is insufficient evidence to support the adverse finding on the theory of promissory estoppel. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). In reviewing a finding for factual sufficiency the court will weigh all the evidence in support of and contrary to the trial court's finding and should set aside the judgment

14

only if it is so against the overwhelming weight of the evidence that the finding is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) In this case there is (i) no evidence presented at trial of a promise independent of the contract; or (ii) any detrimental reliance by Pegasus regarding a promise from Massar. The judgment of the trial court awarding recovery to Pegasus on its promissory estoppel claim should be reversed and judgment rendered in favor of Massar.

## IV. The award of $15,990 in actual damages is not supported by the evidence

The Letter of Protection contractually obligates Massar to pay Pegasus out of the proceeds, if any, of Paulson's personal injury case. [Letter of Protection, Appendix B, RR: Vol. 4, DX 1]. Due to the limited amount of settlement proceeds available, Pegasus agreed to a reduction of its invoice from $15,990 to $8,000. [Letter of Protection, Appendix B, RR: Vol. 4, DX 1].

Pegasus argues that Massar provided "zero authority for why damages should be limited to $8, 000." [Appellee Brief, p. 30]. Massar's principal brief explained, with reference to authority, that in breach of contract action, benefit of the bargain or expectancy damages place the non-breaching party in the same position it would have been in had the breaching party performed the contract. *Qaddura v. Indo-European Foods, Inc.*, 141 S.W. 3d 882, 888-889 (Tex. App. - Dallas 2004, pet. denied). Expectancy damages are measured by subtracting the value the non-breaching party actually received from the value that the party expected to gain. *Arthur Anderson v. Perry Equipment Corp.,* 945 S.W.2d 812, 817 (Tex. 1997).

Pegasus elected not to address the proper measure of contract damages. Pegasus was aware that any payment was subject to the sufficiency of the settlement proceeds to cover its invoice. In this case, the medical expenses exceeded to aggregate total of invoices for medical expenses. The $8,000 placed in the court provided Pegasus the full benefit of its bargain. The evidence is legally and factually insufficient to support the award of $15,990 to Pegasus.

## V.   Massar's principal brief complies with Tex. R. App. P. 38.1(i)

Pegasus concludes that "Massar's "issues" present nothing for review due to inadequate briefing". [Appellee's Brief, p. 21]. To present an issue for appeal, an appellant's brief must contain, among other things, clear and concise argument for its contentions with appropriate citations to authorities and the record. Tex. R. App. P. 38.1(i). Appellate courts must construe the Texas Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to enforce the rules. *Republic Underwriters Ins. Co. v. Mex–Tex, Inc.,* 150 S.W.3d 423, 427 (Tex.2004). Tex. R. App. P. 38.9.

The caselaw relied upon by Pegasus is far removed from the briefing provided by Massar. The argument at issue in *San Saba Energy, LP v. Crawford*, 171 S.W.3d 323, 338 (Tex. App. – Houston [14th Dist.] 2005, no pet.) did not cite any part of the record and made no specific argument. In *Shelby Distributions, Inc.v. Reta*, 441 S.W.3d 715, 722-23 (Tex. App. – El Paso 2014. no pet.) the argument in the brief at issue contained two paragraphs that cited no authority and made no substantive argument

16

in support of the issue. The court in *In Re A.E.*, 580 S.W.3d 211, 218 (Tex. App. – Tyler 2019, pet. denied) concluded the argument at issue was inadequately briefed failing "to provide any citations to the record, any substantive legal analysis, or any citations to authority in support of his complaint."

The brief presented by Massar is not similar to briefs referenced in Pegasus' argument. Each argument is supported by record references and authority. The caselaw presented by Massar contained detailed analysis of the applicable standards for review of the trial court.

## CONCLUSION

Wherefore, premises considered, Johannes B. Massar respectfully requests that this Court reverse the judgment of the trial court, render judgment in his favor, and grant to Johannes B. Massar such other and further relief to which he is justly entitled.

Respectfully submitted,

/s/Raymond R. Fernandez, Jr.
Raymond R. Fernandez, Jr.
State Bar No. 06934275
rfernandez@fernandezllp.com
Robert L. Knebel, Jr.
State Bar No. 11589500
rknebel@fernandezllp.com
**Fernandez LLP**
2515 McKinney Avenue, Suite 920
Dallas, Texas 75201
(214) 231-2700

**ATTORNEYS FOR**
**JOHANNES B. MASSAR**

## CERTIFICATE OF SERVICE

I certify that on the 22nd of December, 2025, a true and correct copy of the foregoing brief was served by E-Service as follows:


Mark A. Ticer
Law Office of Mark Ticer
10440 N. Central Expressway, Suite 600
Dallas, Texas 75231
mticer@ticerlaw.com

**Counsel for Appellee**
**Pegasus Pain Management, PLLC**


/s/ Raymond R. Fernandez, Jr.
Raymond R. Fernandez, Jr.


## CERTIFICATE OF COMPLIANCE


Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 4,892 words (excluding the caption, table of contents, table of authorities, statement regarding oral argument, statement of issues presented, signature block, proof of service, certification, certificate of compliance, and appendix), as authorized by this Court. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/ Raymond R. Fernandez, Jr.
Raymond R. Fernandez, Jr.

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Raymond Fernandez, Jr. on behalf of Raymond Fernandez, Jr.
Bar No. 06934275
rfernandez@fernandezllp.com
Envelope ID: 109386422
Filing Code Description: Other Brief
Filing Description: Other Brief
Status as of 12/22/2025 4:54 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mark Ticer | 20018900 | mticer@ticerlaw.com | 12/22/2025 4:48:02 PM | SENT |
| Robert L.Knebel | | rknebel@fernandezllp.com | 12/22/2025 4:48:02 PM | SENT |
| Raymond R.Fernandez | | rfernandez@fernandezllp.com | 12/22/2025 4:48:02 PM | SENT |